Bosworth, J.,
held, that 2d R. S. 536, § 5, prescribes two modes of proceeding: one, an order to show cause why the defendant “ should not be punished for the alleged contemptthe other, “ an attachment to arrest such party, and to bring him before such court to answer for the alleged contempt.” The statute is silent, when the mode first named is adopted, as to the course to be thereafter pursued, whether the defendant appears or fails to appear. It may, therefore, be such as conforms to the general practice of the court upon any order to show cause why relief should not be granted.
Section 19, (2 R. S. 537,) which requires written interrogatories to be filed, and written answers, on oath, to be made to them, by its express terms, relate to a “ defendant arrested upon an attachment.” That is also a proper course when a defendant appears upon an order to show cause why he should not be punished, but the statute does not, in terms, require it, in such a case. (2 Sand. S. C. R. 727 and 728.)
This proceeding is one had in the action in which the judgment was recovered, and § 271, sub. 3, authorizes a reference in such a case. The order of reference was clearly not void, and the defendant not having appealed from it, but, on the contrary, having been examined under it, cannot object now, to its validity or regularity, nor to that of proceedings regularly had under it.
*631 For good cause, the court in its discretion, might send the matter back to the referee to take further testimony, but no such application is made.
The proceedings are regular, and the defendant must be adjudged guilty of a contempt, in having disposed of his property in violation of the injunction contained in the order of the 18th of October, 1854. The order of reference directed an investigation of that matter, and the defendant cannot now object that it was not specified in the order to show cause.
But in refusing to deliver his property to the receiver, he has not disobeyed any order of the court, for none has been made requiring him to so deliver it. He refused to do that which it was his duty to do ; but that was a duty resulting from a change of title to the property produced by the appointment of a receiver, and not from an order which he had refused to obey. To punish, as for a contempt, for refusing to deliver property to a receiver, an order requiring such delivery is a necessary pre-requisite. The Judge imposed a fine on the defendant, for having disposed of his property contrary to the order of the 18th of October, 1854. (On appeal to the General Term, the order was affirmed.)