Barbour, J.
The question whether an account should be rendered before proofs were taken as to the conditions of the alleged partnership, was entirely within the discretion of the Beferee. (Palmer v. Palmer, 13 How. Pr., 363.)
*696 There can be no doubt that the order of the Court directing the defendant to render an account of the partnership business, whenever he should be required to do so by the Referee, fully empowered the Referee to require such account to be rendered. (Fraser v. Phelps, 4 Sandf., 682.) But the authority given to the Referee to require an account to be rendered, necessarily included the power to omit such requisition, if the facts before him showed that the account was unnecessary, or that it was impossible for the defendant to make it. It was his duty, therefore, to receive the proofs offered to show that the books and papers were in the possession of the plaintiff himself, and beyond the control of the defendant; for, had that fact been established, it might safely have been assumed, not only that no further account of the matters contained in the books was necessary, but that it was not in the power of the defendant to make it. That matter the Referee ought to have inquired into before requiring the defendant to render an account of all the partnership business; and the absolute direction to render such account without that inquiry was, therefore, improper.
It is true that, so far as concerned the foreign shipments by the defendant, for the benefit of the firm, not contained in the books, an account, I think, could have been rendered by him, and might, properly, have been directed by the Referee, notwithstanding the returns had not yet been received; and that account the plaintiff was entitled to have. But the direction made by the Referee went far beyond this, and required the defendant to perform an act which we must assume was impossible, and which was unnecessary for the purposes of the reference.
I think, therefore, that the Judge below decided correctly in denying the motion for an attachment; and that such order should be affirmed, with costs.
Bosworth, Ch. J.
Though the order of reference remains in force, the defendant should not be adjudged *697 guilty of a contempt, by reason of not complying with any of its requirements, where he is incapacitated to comply by the act of the plaintiff, though that act be lawful.
The Court should not grant an attachment where, on the conceded facts, it would not convict. The plaintiff can move, at his peril, by an order to show cause, without the issuing of an attachment. (Watson v. Fitzsimmons, 5 Duer, 629; affirmed in the Court of Appeals.
I do not assent to the proposition that the Sheriff is obliged to permit either of the parties to examine the books, or to incur the inconvenience and hazards of granting the free exercise of that privilege, or of allowing them to exercise it, and providing a guard to watch the parties, in a case where such precaution would be necessary.
I doubt whether an order granting or refusing an attachment, involves the merits. It is merely process, to bring the party before the Court to answer, to an allegation of misconduct; the granting of it is not essential to the right of the complaining party to be heard, or to convict the opposite party of the alleged misconduct, or to enforce any decision that may be made.
For these reasons, as well as those assigned by Mr. Justice Monell, on making the order, and by Mr. Justice Barbour, on the appeal, I think the order should be affirmed.