CHARLES PITT AND WILLIAM PITT, Appellants, v. ERASTUS DAVISON, Impleaded, &c., Respondent.

*Specific Performance—Judgment—Contempt—Order to show cause—Service.*

In an action to compel a specific performance of an agreement, when an order has been made requiring the party, at a certain time and place, to make out the necessary conveyance, &c., and the party has failed to comply with such order, a further order to such party, to appear and show cause why he should not be proceeded against as for a contempt, is a proceeding in such action; and service of such order is well made upon the attorney of such party in such actions.

There is a distinction between proceedings against a party for a criminal contempt, and proceedings as for a contempt for the purpose of enforcing any civil right or remedy.

PARKER, J.—This is an appeal from an order of the General Term of the Supreme Court, reversing an order of the Special Term, which denied Defendant's motion to set aside a previous Special Term order adjudging the Defendant guilty of a contempt of Court, and committing him therefor.

The action was for the specific performance of a contract, by which Joseph Davison agreed to convey certain premises to the Plaintiffs. Judgment was rendered adjudging the Plaintiffs entitled to a specific performance of the contract, and directing this Defendant (to whom Joseph Davison had fraudulently, as against the Plaintiffs, conveyed the premises) to convey them to the Plaintiffs free from any incumbrance which he had put upon them.

A certified copy of the judgment was served upon the Defendant personally, and he was required to appear before the referee named in the judgment, at a specified time and place, and make the conveyance under his direction.

The Defendant did not appear before the referee, but, at the time and place specified, his counsel appeared and offered to read an affidavit of the Defendant in excuse of his non-compliance with that part of the judgment which required him to convey, showing that, subsequently to the contract of sale to the Plaintiffs, but

prior to the commencement of this suit, he mortgaged the premises for $5000, which mortgage, prior to the said judgment, was foreclosed, and the premises sold ; for which reason the Defendant was unable to convey the premises to the Plaintiffs.   The referee refused to receive the affidavit as an excuse, and demanded a compliance with the judgment, which was refused.   He then made his report to the Court, showing the non-compliance of the Defendant with the requirements of the judgment, and the reasons therefor, set forth in said affidavit.   Afterwards the Plaintiffs obtained from a Justice of the Court, at Chambers, an order requiring the Defendant to *show cause*, at a Special Term, " why an attachment should not be issued against him, and he be punished" for his alleged contempt and misconduct in not having conveyed, &c.   This order was founded upon the judgment entered in the action, the summons and underwriting of the referee requiring the Defendant to appear before him and convey, the affidavit of service thereof, with a certified copy of the judgment, and the report of the referee ; and it contained a direction that it be served on the Defendant's attorney.   It was so served, but no service was made on the Defendant personally.   At the Special Term at which the order was returnable, upon reading the judgment roll in the action, together with the said papers on which the order to show cause was granted, and the order to show cause, with the admission of service of the same upon the Defendant's attorney, and after hearing counsel for the respective parties, the Court adjudged the Defendant guilty of a contempt of Court, in wilfully neglecting and refusing to comply with the terms and provisions of the judgment, and ordered that he be committed to the common jail of the city and county of New York, and there be closely confined and kept until he should comply with the requirements of the judgment.   The Defendant was subsequently arrested upon a precept issued pursuant to the order, and committed to jail.

He then made a motion to set aside the order under which he was committed, and to be discharged from imprisonment; which motion was founded upon the papers on which that order was

based, together with affidavits showing that he had no present knowledge of the order to show cause above mentioned, until after the granting of the order directing his imprisonment. In opposition to the motion, affidavits were read on the part of the Plaintiffs, showing that, after the referee had reported, and some nine months before the granting of the said order to show cause, a similar order to show cause had been made without any direction as to its service, and that after diligent search the Plaintiffs were unable to make personal service thereof; also controverting the fact stated in Defendant's affidavit, of his want of knowledge of the last order to show cause.

This motion was denied at the Special Term. The General Term, on appeal, reversed the order denying the motion, and discharged the Defendant from imprisonment. It is from the order of the General Term, thus made, that this appeal is taken.

Was there any such irregularity or defect in the granting of the order under which the Defendant was arrested and imprisoned, as to require that it be set aside?

By the 1st section of title 13, chap. 8, part 3 of the Revised Statutes, entitled, "Of proceedings, as for contempts, to enforce civil remedies, and to protect the rights of parties in civil actions" (2 Rev. Stat. 534, 1st ed.), provision is made that every Court of Record shall have power to punish, by fine and imprisonment, or either, parties to suits, and others *for any disobedience to any lawful order*, decree, or process of such Court, whereby the rights or remedies of a party in a cause or matter depending in such Court may be defeated, impaired, impeded or prejudiced. And by section 285 of the Code, it is provided that when a judgment requires the performance of any other act than the payment of money, " a certified copy of the judgment may be served upon the party against whom it is given, or the person or officer who is required thereby, or by law, to obey the same, and his obedience thereto enforced. If he refuse he may be punished by the Court, as for a contempt." It is plain, then, that the Defendant, upon refusing to obey the judgment, was guilty of misconduct which made him liable to be proceeded against as for contempt.

Two methods of proceeding against a party for such misconduct are provided for by section 5 of the statute in relation to contempts, above referred to, which are as follows:

"The Court shall either grant an order on the accused party, to show cause at some reasonable time to be therein specified, why he should not be punished for the alleged misconduct, or shall issue an attachment to arrest such party, and to bring him before such Court, to answer for such misconduct."

If the proceeding by attachment is adopted, the party accused is to be arrested and brought personally before the Court, unless he gives a bond, with sureties, to appear on the return of the attachment, and abide the order and judgment of the Court thereupon (§ 12); and when he is brought into Court upon the attachment, the Court must cause interrogatories to be filed, specifying the facts and circumstances alleged against him, and requiring his answer thereto (§ 19). Under this mode of proceeding, no order for punishment for the misconduct by fine or imprisonment can be made, unless the party accused shall have been brought personally into Court, upon the attachment, or shall have voluntarily appeared therein; but in default of his being so brought in, or so appearing, the Court either awards another attachment, or orders the bond taken on his arrest to be prosecuted.

If the other mode of proceeding is adopted, there is no specific direction in the statute in regard to the manner in which the order to show cause shall be served, or as to the course of proceeding after service, except that section 3 provides that when the misconduct is not committed in the immediate view or presence of the Court, the Court shall be satisfied by due proof by affidavit of the facts charged, "and shall cause a copy of such affidavits *to be served on the party accused,* a reasonable time to enable him to make his defence."

The mode of proceeding adopted in the case at bar, was by the order to show cause, and the question is, whether *personal* service upon the Defendant, of the order to show cause, with the affidavits upon which it was granted, was necessary.

The learned Judge who gave the opinion of the General Term

in the Court below, held that personal service in such cases is indispensable, basing his opinion on the well settled principle of the common law, that no person shall be condemned unheard.

If we keep in mind the distinction between proceedings to punish criminal contempts, and proceedings as for contempts to enforce civil remedies, we shall see the reason why personal notification of the accusation is, under the principle invoked by the learned Judge, indispensable in the one case, while it may not be in the other. Where the proceeding is to enforce a civil remedy, the party in default has already had the opportunity of contesting his liability to perform what the proceeding seeks to compel him to perform, and such proceeding is, in effect, but an execution of the judgment or order against him. There is in the nature of the proceeding, as carried out in this case, no more reason for denouncing it as an infraction of the principle that no person shall be condemned unheard, than in every other case where an execution may issue upon a judgment against the person of the Defendant. Judgment in an action for tort, for example, is obtained against a Defendant, whereby he is condemned to pay the Plaintiff a specific sum of money. In order to compel him to pay the money he is liable to arrest and imprisonment, and this without any opportunity to show cause against it. It is the consequence of his non-payment of the money, which, after personal notice and the opportunity to contest the claim, he has been adjudged to pay. He, therefore, is not condemned unheard. The execution against his person is in pursuance of the judgment which has been rendered against him by the Court, after personal notice of the claim, and full opportunity to be heard against it.

In reference to the right to be heard, the Defendant, in the case at bar, occupies a similar position. His obligation specifically to perform the contract in question in the action, has been established by the judgment, in regard to which he has been heard; and this proceeding is merely to enforce his fulfilment of that obligation. He can no more impugn the proceeding upon the ground of its contravention of the great principle alluded to, than

if he were Defendant in an execution against his person in an action for tort.

As has already been observed, the statute under which this proceeding was instituted, does not specify *in what way* the order to show cause, with the affidavits on which it was founded, shall be served upon the party accused. When the proceeding is instituted by one party to an action against another, to enforce the performance of an order or decree, it is to be deemed, I think, a proceeding in the action, and all the papers are entitled in the action (Stafford *v.* Brown, 4 Paige, 360; Brown *v.* Andrews, 1 Barb. S. C. Rep. 227). Hence it was, doubtless, that the Chancellor, in Albany City Bank *v.* Schermerhorn (9 Paige, 372), said: "Where the party proceeds by an order to show cause, copies of the order, and of the affidavits and other papers on which it is founded, must be served on the accused, or his solicitor," &c. In Watson *v.* Fitzsimmons (5 Duer. 629), the Plaintiff obtained an order to show cause why the Defendant should not be punished for his misconduct in refusing to deliver his property to a receiver. Upon the return of the order, the Defendant appeared and denied the alleged contempt, and the Court made a further order, referring it to a referee to take testimony and report whether the Defendant was guilty of a contempt. The referee reported the Defendant guilty, and upon his report, and all the prior proceedings, the Plaintiff moved the Court for an order adjudging the Defendant guilty of the contempt. On the part of the Defendant it was insisted that the Court had no power to make the order of reference. The Court, however, said: "This proceeding is one had in the action in which the judgment was recovered, and § 271, sub. 3 [of the Code], authorizes a reference in such a case." And after adverting to the two modes of procedure, by order to show cause, and by attachment, the Court further said: "The statute is silent, when the mode first named is adopted, as to the course to be thereafter pursued, whether the Defendant appears or fails to appear. It may, therefore, be such as conforms to the general practice of the Court, upon any order to show cause why relief should not be granted." The proceed-

ing was held regular, and the decision was affirmed by the General Term, and, as appears by a statement in 10 Bosw. R. 697, was subsequently affirmed in this Court.

In the case at bar it is correct, I think, to say that the proceeding was one taken in the action. The judgment remained unexecuted, and the Court was proceeding in the mode prescribed by the statute, to execute its judgment. The order to show cause provided for by the statute, in the absence of any statutory provision to the contrary, was, then, governed by the practice of the Court in regard to orders to show cause, both in respect to its service and the further proceedings upon it. That according to such practice, an order to show cause may be served upon the attorney of the party, will not be denied. Indeed, that is the mode of service of all papers in the action, prescribed by the Code, except the summons, or other process, or any paper to bring a party into contempt (Code, §§ 417, 418). The papers in this case, which brought the party into contempt, were the certified copy of the judgment and the summons, and the underwriting of the referee, requiring the Defendant to appear before him and make the conveyance. These were personally served, and the Defendant, by his refusal to comply with them, was brought into contempt.

The learned Judge who gave the opinion in the Court below has referred, in support of his position—that personal service of the order is indispensable to the provision of the statute on the subject of criminal contempt—to 2 R. S. 278, § 12 (1st ed.), requiring personal service, as follows : " Contempts committed in the immediate view and presence of the Court may be punished summarily ; in other cases, the party charged *shall be notified of the accusation,* and have a reasonable time to make his defence." But the succeeding 14th section is as follows : "Nothing contained in the preceding sections shall be construed to extend to any proceeding against parties or officers, as for a contempt, for the purpose of enforcing any civil right or remedy."

The order to show cause is, in effect, but a notice of motion, and according to the practice of the Court may ordinarily be served on the attorney of the adverse party. Although in this case the

judgment was entered in May, 1856, and the order to show cause was made and served on the Defendant's attorney on the 9th of December, 1857, yet, inasmuch as it appears that the Defendant had avoided the service of a prior order to show cause, and that after service of the second order, by the direction of the Court, upon the attorney, and before the granting of the order on which the Defendant was arrested and imprisoned, he consulted his said attorney, and has not denied that the attorney was authorized to appear for him, and oppose the granting of the order for his arrest and imprisonment, and as he did appear, it must be clear that the attorney is to be regarded as the Defendant's attorney, when the service was made, and that the service of the order to show cause was in all respects sufficient (Drury *v.* Russell, 27 How. P. R. 130).

Another ground stated in the opinion of the Court below for the reversal of the order of the Special Term was, that in the order to show cause the Defendant was required to show cause " why an attachment should not be issued against him, and he be punished for his alleged contempt and misconduct in not having conveyed," &c., while the statute does not authorize an order to show cause why an attachment should not issue, but only " why he should not be punished for the alleged misconduct." If the order required of the Defendant more than the statute allowed, that would not make it void, as to the requirements which the statute does allow ; and the suggestion that it *might have misled* the Defendant to suppose that only an attachment would be applied for, and that he would have an opportunity, when brought into Court upon the attachment, to answer the accusation made against him upon interrogatories, is one which, I think, is insufficient to justify a reversal of the order of the Special Term, since there is no pretence by the Defendant that he was so misled.

As another ground for its order of reversal, the General Term is inclined to the opinion that, even in this case, it was necessary to file interrogatories, and that the order of commitment was not warranted until the Defendant had been given the opportunity, upon interrogatories, to purge his contempt. The statutes cited, and what has already been said in regard to them, show, I think,

18

that when the proceeding is by an order to show cause, no interrogatories are necessary. And such was the opinion of this Court in Brush *v.* Lee (decided June Term, 1867).

A further ground for the decision of the General Term, put forth in the opinion, is, that inasmuch as the Defendant was never personally before the Court in this matter, the Court had no jurisdiction of his person, and, therefore, the order for his arrest and imprisonment was unauthorized and void.

If the proceeding is to be regarded as one in the action, as I have endeavored to show it is, then clearly this ground is not well taken. The Court having obtained jurisdiction of the person of the Defendant, in the action, retains that jurisdiction for all purposes of enforcing the judgment, until its requirements are fully performed and executed.

It is obvious, also, that the excuse for non-performance of the requirements of the judgment, could not be regarded by the Court as an excuse, for that would be permitting the party to set up as such excuse what he should have set up against the rendering of the judgment. After judgment has passed against him, no matter which would have constituted a defence to the judgment, and, if in due time and manner brought before the Court, prevented it, can be allowed as a reason why it should not be enforced.

I am of the opinion that the order of the General Term, reversing the order of the Special Term, is erroneous, and should be reversed.

Reversed.

Porter and Bockes, JJ., dissenting.