## PEOPLE *ex rel.* ALEXANDER v. ALEXANDER.

*Reference — to take testimony upon question of contempt — court may order.*

Upon an order to show cause why she should not be punished for contempt in assisting in the disobedience of an order of the court, respondent filed an affidavit denying such contempt, and setting forth facts in support of such denial. *Held*, that it was within the general power of the court to order a reference to take testimony for the information of the court upon the subject of the contempt.

APPEAL by Maria L. Newcomb from an order of reference, made at special term, directing that this matter be referred to William G. Choate, to take the evidence produced by the respective parties upon the question whether said Maria L. Newcomb had or had not been guilty of contempt, in aiding, assisting and abetting the violation of certain orders of the court in relation to the custody of the children of the relator, Junius Brutus Alexander, and respondent, Eliza H. Alexander. The facts were these:

Relator brought *habeas corpus* against the respondent, his wife, to regain possession of their infant children. An order was made, referring the writ, return and traverse to a referee, to take testimony and report it to the court, and that meantime the children remain in the custody of the mother; but that they should not be

taken out of the city of New York. Subsequently an order was made awarding the temporary custody of the children to the father. The mother failed to comply therewith, and removed the children and herself from the jurisdiction, and their whereabouts is unknown. Relator, on an affidavit of those facts, and that said Maria L. Newcomb herein (who is the mother of relator's wife) aided, assisted and abetted her daughter in removing the children, obtained against her an order to show cause why she should not be punished for contempt. Defendant showed cause by affidavit, denying all charges. Thereupon the court made an order of reference to take proofs, and report the same to the court. From that order the appeal was taken. Such other facts as are material appear in the opinion.

*Wheeler H. Peckham,* for appellant, as to the validity of the order cited: 4 Waite Pr. 187; 1 Crary Sp. Pr. 193, 200; 2 Barb. Ch. Pr. 278; 1 Van Sant. Eq. Pr. 630; *McCredie* v. *Senior,* 4 Paige, 382; *People* v. *Compton,* 1 Duer, 513, 516; *Jackson* v. *Smith,* 5 Johns. 115, 117.

*Shipman, Barlow, Larocque & McFarland,* for relator.

LAWRENCE J. The order of the special term should in my opinion be affirmed for these reasons :

I. Conceding that the appellant's counsel is correct in contending that the alleged misconduct of the appellant amounted to a criminal contempt if anything, the order of reference was proper. The statute in relation to criminal contempts does not point out how a party charged with a contempt shall be proceeded against, save that it is provided that he shall be notified of the accusation, and have a reasonable time to make his defense. 2 R. S. 278, § 12. In this case the order appealed from was made after Mrs. Newcomb had been notified to appear by order to show cause, and had filed an affidavit denying the contempt, and setting forth facts tending to sustain such denial. On the filing of that affidavit, it was, it seems to me, perfectly competent for the court below, if desiring further proof as to the alleged contempt, to send the matter before a referee by whom each party could be heard, and to defer further action in the proceeding until the coming in of the referee's report.

II. If the proceeding taken against Mrs. Newcomb be regarded as coming within the provisions of the Revised Statutes, entitled " Of proceedings for contempt to enforce civil remedies, and to protect the rights of parties in civil actions" (2 R. S. 534) ; then as the proceeding was initiated by an order to show cause and not by attachment, an order of reference was proper without first filing interrogatories. *Pitt* v. *Davison*, 37 N. Y., 240.

In that case PARKER, J., delivering the opinion of the court, says at page 243: " The statutes cited, and what has already been said in regard to them show, I think, that when the proceeding is by an order to show cause, no interrogatories are necessary." See, also *Watson* v. *Fitzsimmons*, 5 Duer, 629, and comments on that case by PARKER, J., 37 N. Y., pp. 240 and 241.

III. If the facts proved before the referee do not show that the appellant was guilty of a contempt, the appellant will have an opportunity of asserting her rights, and can be protected by the court upon the coming in of the report of the referee.

The order was within the general power of the court to inform itself more fully than it could be informed by affidavit, of an alleged violation or disregard of its order.

It was properly made, and should be affirmed with $10 costs and disbursements.

*Order affirmed.*