Van Vorst, J.
By the judgment of this court George A. Halsey, Esq., was appointed receiver of the goods, chattels and effects, of the copartnership existing between the parties to this action.
There was no direction contained in the judgment, nor has any order been made, for the delivery of the property to the receiver by the parties to the action, or either of them. While such direction was not necessary to complete the title of the receiver to the property, still I think it was, in order to uphold a proceeding to punish a party for a contempt in refusing to deliver over the property to the receiver.
By the practice in the court of chancery, before a party could be punished for a contempt in not deliver- *63 lag property to a receiver, there should have been a direction through a master for its delivery, and when such direction was disobeyed the party might be compelled to comply with the decision, and be punished for his disobedience.
Parker v. Browning, 8 Paige, 388, gives the practice in such cases.
Under the present system, a delivery is sometimes effected through the intervention of a referee. But that is not necessary, unless an inquiry as to the specific property, the subject of the proceeding, is involved. But the order or judgment of the court should in terms direct a delivery, if proceedings in the nature of punishment for a contempt for a refusal to deliver are to be invoked.
And to this effect is clearly Watson v. Fitzsimmons, in this court, 5 Duer, 629. Bosworth, J., says:
“ But in refusing to deliver his property to the receiver, he has not disobeyed any order of the court, for none has been made requiring him to so deliver it. He refused to do that which it was his duty to do. But that was a duty resulting from a change of title to the property, produced by the appointment of a receiver, and not from an order which he had refused to obey. To punish as for a contempt for refusing to deliver property to a receiver, an order requiring such delivery is a necessary prerequisite.”
The Code of Civil Procedure, § 14, subd. 3, provides for the punishment of any person for any “ disobedience to a lawful mandate of the court.” But the term mandate has been defined to be “a writ, process or other written direction, issued pursuant to law out of a court, or made pursuant to law, by a court or judge thereof, commanding such person “to do or to refrain from doing” an act therein specified (Act of June 2, 1876, § 2, subd. 2).
There has been as yet no distinct command from the *64 court through any “ written direction’’ or otherwise, which has been disobeyed.
The receiver, instead of applying for an order to punish in the first instance, should have asked for an order directing the delivery by the defendant of the; property to him, and if, after such order has been made,, the defendant still refuses, proceedings of the nature^ of those under consideration may be properly instituted.
This conclusion dispenses with the necessity of deciding whether the appeal and undertaking executed by the defendant stays the proceedings. Their effect-will be determined on the motion asking for a delivery by the defendant, when that shall come up. But it may not be improper to add that it is doubtful whether an appeal can be maintained from so much of the judgment as appoints a receiver. It is almost a matter of course to appoint a receiver in such cases (Martin v. Van Schaick, 4 Paige, 479).
The decision on that subject is in the discretion of the court. The property, after such appointment and delivery thereunder, is considered in the custody of the-court, and is therefore safe.
Authority is against an appeal from a direction appointing a receiver. It is aside of the merits (Sheldon v. Weeks, 2 Barb. 533; Chapman v. Hammersley, 4 Wend. 173).
This consideration may affect the defendant’s action.
The present motion is denied and without costs, and without prejudice to the receiver’s right to apply for a delivery of the property.