# SUPREME COURT.

## J. TINKEY agt. C. A. LANGDON.

*Practice— Supplementary proceedings — Jurisdiction and power of county judge as to appointment of receiver in — Appeal — Irregularities which are waived by — Contempt — Basis for imposition of fine.*

On a motion to set aside an order made by a county judge appointing a receiver in supplementary proceedings where it appeared that an appeal was taken to the general term of this court, which appeal is still pending:

*Held,* that such appeal must be deemed to be a waiver of such irregularities if any there be, as are not brought up by it for review, and as to all such alleged irregularities and improper acts of the county judge as are covered by the appeal, they will be considered when the appeal shall be heard at general term. All action proper to be taken at special term, either to vacate it or correct it, should be taken before the bringing of the appeal from it to the general term.

Where an order was made by a county judge declaring a judgment-debtor in contempt, the order being made on the return of an order to show cause, the same having been duly served on the debtor, but without his presence and without the appearance of anyone in his behalf:

*Held,* that it being taken against the debtor by default it was competent for him to move to set it aside for irregularity. The moving party was bound to make a case for the granting of the order on the merits, at least, the same as if the debtor had appeared and objected to the proceeding; and if he failed to make his case the debtor might and should move to set the order aside rather than to appeal.

Can an appeal be taken from an order obtained by default for non-appearance? *Quære.*

Although a county judge may, under section 298 of the Code of Procedure, appoint a receiver in supplementary proceedings, *it seems* doubtful whether he is authorized by law to order a conveyance by the debtor of his property to a receiver or to direct its delivery and possession to that officer,

To punish as for a contempt for refusing to deliver property to a receiver, an order requiring such delivery is a necessary prerequisite. A simple demand of possession is not sufficient.

Where the order appointing the receiver directed the debtor to assign and convey his lands and real estate, but contained no directions to the debtor to surrender its possession:

Tinkey agt. Langdon.

*Held,* that he could not be held in contempt for omitting or refusing to do what had not been commanded or required of him.

In contempt proceedings a fine cannot be properly imposed arbitrarily and capriciously; but it must have a basis upon proof of damages or injury.

*Saratoga Special Term, August,* 1880.

BOOKES, *J.* — Two motions were made in this cause — one to set aside an order made by the county judge of Washington county appointing a receiver of the property of Langdon in proceedings supplementary to execution based on a judgment rendered in the supreme court, the other to set aside an order to show cause why Langdon should not be punished for contempt, and, also, the order made on its return with all proceedings thereon, which latter order declared said Langdon in contempt for refusing to convey his real property to the receiver, and for refusing to deliver to the latter possession of both his real and personal property, and by which latter order a fine for the alleged contempt was imposed upon him of $450, with thirty dollars costs of the proceedings.

These motions were heard together substantially as one motion.

As to the order appointing a receiver it appears that an appeal was taken thereon to the general term of this court, which appeal is still pending.

This appeal must be deemed to be a waiver of such irregularities, if any there be, as are not brought up by it for review; and as to all such alleged irregularities and improper acts of the county judge as are covered by the appeal, they will be considered when the appeal shall be heard at general term. All action proper to be taken at special term, either to vacate it or correct it, should be taken before the bringing of the appeal from it to the general term. The motion to set aside the order appointing a receiver must be denied.

The important question here to be decided, as I think, relates to the granting of this order by the county judge

declaring Langdon in contempt for the cause recited in the order, and imposing a fine of $450 therefor, with thirty dollars costs and expenses of the proceeding.

This order was made on the return of an order to show cause, the same having been duly served on the debtor, but without his presence and without the appearance of anyone in his behalf. It was taken against the debtor by default. This being so it was competent for him to move to set it aside for irregularity.

The moving party was bound to make a case for the granting of the order on the merits at least, the same as if the debtor had appeared and objected to the proceeding; and if he failed to make his case the debtor might and should move to set the order aside rather than to appeal, if, indeed, he could appeal from an order obtained by default for non-appearance.

It must be borne in mind that the order was not granted because of the violation of an injunction, or restraining order made in proceedings supplementary to execution, but for refusing to convey real property to the receiver, and for refusing to deliver possession of real and personal property to that officer. Such was the alleged ground of offense, and no other.

*First.* There is a serious question whether the county judge had any power to order the conveyance and delivery of the property by the debtor. He might appoint a receiver (*Code, sec.* 298), but had he any authority to direct the conveyance and delivery of the debtor's property to the receiver?

If he may do this the right and power must be found in some statute, as he is confined to the exercise of statutory authority. This right and power rests in *the court* as an original inherent power, and there need be no statute expressly conferring it. By virtue of this inherent power *the court* may order the debtor to make conveyance and delivery of his property to the receiver, and may, by proceeding for contempt, compel obedience to such order. The cases are numerous wherein this power has been exercised by *the court*. But

Tinkey agt. Langdon.

does the county judge who derives his authority from the statute possess like power with the court as regards the subject in hand?

It is said, in *Pool* agt. *Safford* (14 *Hun*, 369), " a judge can appoint a receiver because the statute gives the power (*Code, sec.* 298), but with the appointment his authority over the matter ends." I find, on examination of the cases, that the decisions are not entirely harmonious on this question, as to the power of a county judge in a case like the present; and, inasmuch as I am of the opinion that the order must be set aside on other grounds, this question will be left to be determined when a case is presented which must turn on its proper disposition. Besides, it seems probable that the question whether the county judge is authorized by law to order a conveyance by the debtor of his property to a receiver, or to direct its delivery and possession to that officer, whether this power does not inhere in the court alone, will be up on the appeal from the order appointing the receiver in this case.

Therefore I deem it better to leave it for consideration at that time.*

*Second.* The debtor was held in contempt for refusing " to surrender the possession of his lands and real estate, or any part thereof, to said receiver," possession having been demanded of him.

This was one of the grounds of alleged contempt. But he has not been ordered so to do, as I can learn from the papers submitted on this motion.

The order appointing the receiver, directed the debtor to assign and convey his lands and real estate, but it contained no direction to the debtor to surrender its possession.

He could not be held in contempt for omitting or for refusing to do what had not been commanded or required of him. It was said in *Watson* agt. *Fitzsimmons* (15 *Duer*, 629–631) " in refusing to deliver his property to the receiver he (the debtor)

*The appeal was dismissed on a technical point, hence this question was not examined at general term.

has not disobeyed any order of the court, for none has been made requiring him so to deliver it. He refused to do that which it was his duty to do, but that was a duty resulting from a change of title to the property, produced by the appointment of a receiver, and not from an order which he had refused to obey. To punish as for a contempt for refusing to deliver property to a receiver, an order requiring such delivery is a necessary prerequisite."

*Third.* The above remarks under the last point, with the authority there cited, apply also to that part of the order which declares the debtor in contempt for refusing "to deliver possession of his personal property." The order appointing the receiver contained no such requirement.

*Fourth.* A fine was imposed of $450, with thirty dollars costs, and expenses of the proceedings. Before a fine exceeding $250 could be properly imposed, an inquiry should have been made in regard to the amount of damages caused to the complaining party by reason of the debtor's alleged misconduct. A fine cannot be properly imposed arbitrarily and capriciously, but it must have a basis upon proof of damages or injury (*Simmonds* agt. *Simmonds,* 6 *Weekly Dig.,* 263 ; *Ludlow* agt. *Knox,* 7 *Abb.* [*N. S.*], 412 ; *Clarke* agt. *Benninger,* 75 *N. Y.,* 344). No inquiry was made before the county judge on granting the order, as to this amount of damages caused by the debtor's alleged misconduct. The order was granted, as the county judge states (*fols.* 19, 20), " solely on the proofs contained in the within papers," to-wit : The motion papers before him, referred to in his order to show cause, and I find nothing in them showing damages or injury caused by the alleged misconduct of the debtor to the amount of $450, or, indeed, to any appreciable amount whatever. The imposition of the fine of $450 seems to be without proof in its support. Nor can this objection to the order of the county judge be overcome by proof now submitted, on this motion to set that order aside.

Other objections besides those above considered were

argued before me on the motion, which, in view of the conclusions above reached, it is unnecessary to examine.

The order of the county judge, adjudging the judgment debtor guilty of contempt, and imposing a fine of $450 therefor, with thirty dollars costs and expenses of the proceedings against him, must be vacated and set aside.

No costs of motion should be allowed to either party, inasmuch as one motion is denied and the other granted.