### FROMME et al. v. JARECKY.

(Supreme Court, Appellate Term, First Department. February 26, 1897.)

1. SUPPLEMENTARY PROCEEDINGS—CONTEMPT—DELIVERY OF PROPERTY.

A judgment debtor can be required to deliver his property to a receiver in supplementary proceedings only by an order to that effect, specifying the property, and therefore he is not in contempt for failure to deliver property on a demand by the receiver accompanied only by the order of appointment.

**2. Same—Delivery of Property—Disputed Title.**
    A judgment debtor will not be attached for contempt in failing to deliver,
to a receiver in supplementary proceedings, property claimed by another per-
son, the receiver being required to first try the title by action.

Appeal from city court of New York, general term.

Action by Herman Fromme and another against Herman Jarecky,
in which there was a receiver appointed in supplementary proceed-
ings. From an order of the city court (42 N. Y. Supp. 1124) af-
firming an order of the special term denying plaintiffs' motion to
punish defendant for contempt in refusing to deliver his property
to the receiver, plaintiffs appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Jacob Fromme and Fromme Bros., for appellants.

James C. De La Mare, for respondent.

DALY, P. J. The city court having refused to punish for con-
tempt the defendant, a judgment debtor, for alleged disobedience of
an injunction contained in the order for his examination in supple-
mentary proceedings, and also for his refusal to deliver property to
the receiver appointed in such proceedings, the plaintiffs appealed to
the general term, which affirmed the denial of the motion to punish
for contempt, and now appeals from such affirmance to this court.
So far as the alleged contempt in disobeying the injunction order is
concerned, the decision of the city court cannot be disturbed, since
it went upon a question of fact, namely, whether the money, $42,
which the judgment debtor drew out of bank after the service of the ·
order for his examination, was part of his earnings for his personal
services rendered within 60 days of the service of the order, and was
necessary for the support of his family. Code Civ. Proc. § 2463. He
stated what his circumstances were, and for what the money was
used, and his testimony was not merely to conclusions, as appellants
suggest. We have read the evidence, and it is sufficient to sustain
the learned chief justice of the city court in his finding.

With reference to the alleged contempt in refusing to turn over
property on the demand of the receiver, a question of practice was
presented, which was correctly decided. It appears that the receiver
served a copy of the order appointing him, upon the judgment debtor,
and made demand of certain property, which was refused. The or-
der did not specify any property, nor direct the judgment debtor to
make delivery of any. So he was not in contempt for disobeying
the requisition of the receiver. The latter should have procured, on
proper proofs, an order requiring the judgment debtor to deliver the
specific property, and served it upon the debtor, following it by a
proper demand for the article specified in it. A refusal to comply with
that order would have constituted a contempt. McKelsey v. Lewis,
3 Abb. N. C. 61–64. "The order appointing the receiver directed the
debtor to assign and convey his lands and real estate, but it contained
no direction to the debtor to surrender its possession. He could not
be held in contempt for omitting or for refusing to do what had not
been commanded or required of him." Tinkey v. Langdon, 60 How.
Prac. 180–183. "In refusing to deliver his property to the receiver,

the debtor has not disobeyed any order of the court, for none has been made requiring him so to deliver it.    He refused to do that which it was his duty to do, but that was a duty resulting from a change of title to the property, produced by the appointment of a receiver, and not from an order which he had refused to obey.    To punish as for a contempt for refusing to deliver property to a receiver, an order requiring such delivery is a necessary prerequisite." Watson v. Fitzsimmons, 5 Duer, 629–631.

It further appears that among the articles demanded by the receiver were a horse, carriage, sleigh, harness, and so forth, which had been conveyed by the judgment debtor to his brother-in-law, and of which the judgment debtor was allowed by the latter to have the use, if not the possession.    For nondelivery of that property the court will not attach the judgment debtor, but will leave the receiver to his remedy by action in which the title can be tried.    Serven v. Lowerre, 3.Misc. Rep. 113, 23 N. Y. Supp. 1052; Gallagher v. O'Neil, 3 N. Y. Supp. 126.

Order affirmed, with costs.    All concur.