GERSON et al. v. BERTI et al.

(Supreme Court, Appellate Term. March 24, 1904.)

1. CONTEMPT—NECESSITY OF DEMAND.
　　A person may not be adjudged guilty of contempt in violating an injunction against disposing of a sum of money, unless the receiver in supplementary proceedings, entitled to receive it, makes a demand therefor.

Appeal from City Court of New York, Special Term.

Action by Joseph L. Gerson and others against Enrico Berti and others. From an order adjudging Parodi, Erminis & Co. guilty of contempt, they appeal. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Hugo Wintner, for appellants.
John V. Judge, for receiver.
Chas. E. Mahoney, for respondents.

FREEDMAN, P. J. On motion of the receiver appointed in supplementary proceedings in this case, the appellants were adjudged guilty of contempt for having, in violation of an injunction served upon them as third parties, "transferred, disposed of, and interfered with the sum of one hundred and thirty ($130) dollars belonging to said judgment creditors in their possession." They had paid the said sum, as claimed by them, under duress, to the sheriff, upon an execution issued upon a judgment recovered in an action instituted

against them by the assignee of one of the judgment debtors, of which action the judgment creditors represented by the receiver had notice, and against which they would lend no assistance. The receiver was not appointed until some time thereafter. Upon the record as it stands, the order appealed from cannot be sustained. Even if it were granted that the appellants were guilty of the specific act charged against them in the order, that act impaired no right possessed by the receiver. The said charge was not that they had refused to pay the money over to the receiver after due demand, but that it was "transferred, disposed of, and interfered with." The subsequently appointed receiver has the same rights and remedies now that he ever had, and consequently it does not appear that, by the specific act charged, the right or remedy of any party has been defeated, impaired, impeded, or prejudiced. Moreover, a personal demand by the receiver is necessary. McComb v. Weaver, 11 Hun, 271.

The order must be reversed, with costs and disbursements, and the motion to punish for contempt denied. All concur.