(89 Misc. Rep. 291)

MOYNIHAN v. DEVANEY.

(City Court of New York, Special Term. February, 1915.)

1. EXECUTION &#9758;417—SUPPLEMENTARY PROCEEDINGS—VIOLATION OF INJUNCTION—APPOINTMENT OF RECEIVER.

Where an order appointing a receiver in supplementary proceedings does not provide for the continuance of an injunction contained in the original order for the examination of the judgment debtor, such debtor cannot be held in contempt as for a violation of such injunction order because of a transfer of property made by him after the receiver's appointment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. &#9758;417.]

2. EXECUTION &#9758;417—SUPPLEMENTARY PROCEEDINGS—REFUSAL TO DELIVER PROPERTY—DISPUTED TITLE—DEMAND.

A judgment debtor cannot be adjudged in contempt for refusing to deliver to a receiver property the title to which is in dispute and for which the receiver has made no demand.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. &#9758;417.]

3. EXECUTION &#9758;417—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF JUDGMENT DEBTOR—EVASION AND SUPPRESSION—CONTEMPT.

A judgment debtor, on his examination in supplementary proceedings, when questioned relative to certain premises, suppressed information to which the judgment creditor was entitled, and falsely testified that he was not the owner of, and had no interest in, any kind of liquor business conducted on the premises. The order appointing a receiver of his property did not provide for the continuance of the injunction contained in the order for his examination. The receiver made affidavit that he personally demanded of the judgment debtor that he deliver the property to him, but that the judgment debtor denied ownership of any property

whatsoever. *Held* that, though the court could not adjudge the judgment debtor in contempt for false swearing, it had power to punish him for his willful and premeditated evasion of a statement concerning his property, as well as for suppressing the fact of his ownership.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. ⊕⇒417.]

4. EXECUTION ⊕⇒418—SUPPLEMENTARY PROCEEDINGS—CIVIL CONTEMPT—ORDER TO SHOW CAUSE—SUFFICIENCY.

An order requiring that a judgment debtor show cause why he should not be punished for contempt in making false statements concerning his property, or for such other and further relief as might seem just and proper in the premises, was broad enough to bring the case within Judiciary Law (Consol. Laws, c. 30) § 753, subd. 8, relative to civil contempt.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. ⊕⇒418.]

5. EXECUTION ⊕⇒419—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—PUNISHMENT.

Where, on an order to show cause why a judgment debtor should not be punished for contempt in making false statements concerning his property, or for such other and further relief as might appear just and proper in the premises, it appears that his conduct was such as to defeat, impair, and impede the remedies and rights of judgment creditors, he should be fined the amount of the judgment, with interest and costs, and be committed to the county jail until the fine is paid or he is discharged according to law.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1202, 1204; Dec. Dig. ⊕⇒419.]

Proceedings supplementary to judgment for plaintiff in an action by Mary Moynihan against James Devaney. On motion to punish judgment debtor for contempt. Motion granted.

Order reversed in 153 N. Y. Supp. 670.

Thos. A. McGrath, of New York City, for the motion.
Nathan S. Jerome, of New York City, opposed.

O'DWYER, C. J. The order requires the judgment debtor to show cause why he should not be punished for contempt, in that he has with knowledge willfully disobeyed the injunction order herein, bearing date of December 4, 1913, namely, that he has made divers conveyances of various saloons, particularly the saloon conducted in the premises No. 908 Eighth avenue, New York City, and to show cause why he should not be punished for contempt, in that he made certain statements under oath concerning his property in the examinations held on December 6 and 16, 1913, which statements appear to be false, or for such other and further relief as may seem just and proper in the premises.

[1] It appears that at the conclusion of the examination of the judgment debtor on December 16, 1913, application was made for the appointment of a receiver, and on December 29, 1913, an order was made appointing N. W. Ryan receiver of the judgment debtor's property. Thereafter said receiver qualified by filing a bond as required by the order appointing him. The order appointing the receiver made no pro-

vision for the continuance of the injunction contained in the original order for the examination of the judgment debtor, and for a transfer of his property made after the order appointing the receiver he cannot be held in contempt for a violation of the injunction order; the same being temporary and continuing only until further order in the premises. If it was desired to continue that injunction, provision therefor should have been made in the order appointing the receiver. 3 Rumsey, Pr. 552, subd. 4; People ex rel. Morris v. Randall, 73 N. Y. 416.

[2, 3] A judgment debtor cannot be adjudged guilty of contempt in refusing to deliver property, where the title thereto is in dispute and for which the receiver made no demand. Fromme v. Jarecky, 19 Misc. Rep. 483, 43 N. Y. Supp. 1081; Gerson v. Berti, 87 N. Y. Supp. 458. In this case there is no claim made to the property by a third party, and the only dispute, if it may be termed such, with respect to the ownership thereof, arises from the statements made by the judgment debtor in these proceedings, which I find are evasive and untruthful. In a bill of sale conveying the identical property the judgment debtor declares, "I am the owner of an undivided one-half interest in the liquor business conducted in the premises No. 908 Eighth avenue," and he has received or will receive for that property pursuant to said bill of sale the sum of $2,500. It appears from the affidavit of the receiver that, after duly qualifying as such, he did, in or about April, 1914, personally demand of the judgment debtor that he deliver possession of his property to him, but that the judgment debtor denied the ownership of any property whatsoever, including the premises No. 908 Eighth avenue, New York City. It has been held that false swearing by a judgment debtor, upon his examination in supplementary proceedings touching the disposition of his property, is neither a civil nor a criminal contempt, and cannot be punished therefor by fine and imprisonment. In Bernheimer v. Kelleher, 31 Misc. Rep. 465, 64 N. Y. Supp. 409, our Appellate Term had the question before it whether or not such false swearing is a contempt, for which the debtor can be punished by fine and imprisonment, and in the opinion answered that question as follows:

"If it is, it must be found to be embraced within some of the definitions furnished by the Code of Civil Procedure. It clearly is not a criminal contempt as defined by section 8. It is not defined in any of the subdivisions of section 14, relating to civil contempts, unless it be under subdivision 2 or 4. Subdivision 2 authorizes punishment of 'a party to the action or special proceeding for putting in fictitious bail, or fictitious surety, or for any deceit or abuse of a mandate or proceeding of the court.' Clearly the defendant's offense does not fall within this section. He did not put in any surety or bail, fictitious or otherwise, and he did not abuse any mandate or proceeding of the court. Fromme v. Gray, 148 N. Y. 695 [43 N. E. 215]. Nor was he guilty of deceit within the meaning of the subdivision, for that deceit manifestly means deceit practiced upon the court in procuring its mandate or process. Fromme v. Gray, 14 Misc. Rep. 592 [36 N. Y. Supp. 1107]. Nor was the defendant guilty of any unlawful interference with any proceeding in court, which, by subdivision 4 of section 14, may be punished as a contempt."

Section 14 of the Code of Civil Procedure, quoted in the above opinion, is now section 753 of the Judiciary Law, and it has been decided in People ex rel. Platt v. Rice, 144 N. Y. 263, 39 N. E. 92:

"That section 14, subd. 8, of the Code, conferred the power upon courts of record to punish by fine and imprisonment, or either, a violation of duty, or other misconduct, by which a right or remedy of a party to a civil action, or special proceeding, may be defeated, impaired, impeded, or prejudiced; in any case 'where an attachment, or any other proceeding to punish for contempt, has been usually adopted and practiced in a court of record, to enforce a civil remedy * * * and to protect the right of a party.' This provision preserved to courts of record the power they had previously possessed to punish, in the interest of a party to the action, as a contempt, an evasion, or a violation of duty, or misconduct, which resulted in defeating or prejudicing the complainant's rights."

This decision was followed by Mr. Justice Giegerich in Becker v. Gerlich, 72 Misc. Rep. 157, 129 N. Y. Supp. 614. .

[4, 5] Therefore, if this judgment debtor is guilty of a civil contempt, it must be one of the cases comprehended by subdivision 8 of section 753 of the Judiciary Law, and the order to show cause is broad enough to cover such a case, inasmuch as it is therein provided that the judgment debtor show cause against the specific relief therein asked, as well as against such other and further relief as may seem just and proper in the premises. A careful examination of the testimony of the judgment debtor, taken in December, 1913, as well as his recent examination pending the hearing and determination of this motion, makes it very clear that he has little respect for the sanctity of an oath, and that much of such testimony is false and a willful evasion and suppression of the facts relating to his property. For his false swearing this court cannot and will not in this proceeding adjudicate him in contempt, but leave his prosecution therefor to the district attorney of the county. Nevertheless it is well within the power of the court to punish him for his willful and premeditated evasion of a statement regarding his property, as well as suppressing the fact of its ownership when interrogated with respect thereto.

The order for his examination required that he make discovery on oath concerning his property, and, when asked with respect to the premises No. 908 Eighth avenue, he evaded and suppressed the information that the judgment creditor was entitled to, and testified that he was not the owner of, and that he had no right, title, or interest of any kind in, the liquor business conducted in the premises No. 908 Eighth avenue, New York City, whereas in truth and in fact it now appears by a bill of sale executed by him in or about the 21st day of November, 1914, and on file in the office of the register of this county, that he was the owner of an undivided one-half of said business, and he received or is to receive therefor the sum of $2,500. It thus appears beyond question that the conduct of the judgment debtor upon his examination was such as to defeat, impair, impede, and prejudice the rights and remedies of the judgment creditor, and there can be no doubt that such conduct was calculated to produce that result. The loss to the judgment creditor is the amount of her judgment, to wit, $539.53, with interest from the 3d day of November, 1913.

The judgment debtor is adjudged guilty of a contempt of this court for failure to make discovery concerning his property, as well as suppressing the fact of the ownership thereof; that said conduct was calculated to and actually did defeat, impair, impede, and prejudice the

rights and remedies of the judgment creditor, and the judgment debtor is fined therefor the sum of $539.53, with interest thereon from November 3, 1913, together with $30 costs of these proceedings and $10 costs of this motion, which, when paid, shall be received in full satisfaction of the judgment and costs herein. Commitment order issued, directed to the sheriff of the county of New York, commanding him to forthwith arrest James Devaney, the judgment debtor herein, and commit him to the common jail of the county of New York, to be there detained until he shall have paid said fine, or be discharged according to law.

Motion granted.