USERVO, INC., ET AL. *v.* SELKING, ETC.

[No. 27,295.   Filed June 28, 1940.   Rehearing denied November 25, 1940.]

*Jones, Obenchain & Butler,* of South Bend; and *Burr H. Glenn,* of Huntington, for appellants.

*Claude Cline,* of Huntington; and *R. C. Parrish,* of Fort Wayne, for appellee.

ROLL, C. J.—The Uservo Inc., referred to in this opinion as the Uservo Co., is a corporation, organized under the laws of Indiana, and is engaged in furnishing milk bottles with the protected name "Uservo" thereon, to licensees in the City of Ft. Wayne, as well as other cities, and it also conducted a milk bottle exchange in certain cities both within and without the State of Indiana.

The appellee, Johanna Selking, now Johanna Wyss, hereinafter referred to as Mrs. Wyss, operated a milk distributing business under the name of Sunshine Dairy, and was, prior to June, 1935, a licensee of appellant, but this relationship was terminated about June, 1935. In August, 1935, the Uservo Co. commenced an action against the appellee to restrain and perpetually enjoin her from using milk bottles bearing the registered trade mark, "Uservo". The cause was venued to the Huntington Circuit Court and on May 21, 1936, an injunction was issued which prohibited the appellee from using bottles belonging to the Uservo Co., and bearing the registered mark "Uservo". This decree was thereafter, on July 23, and August 27, 1936, and January 18, 1937, modified in certain particulars and as modified provides in substance as follows:

"(b) That the appellee deliver to Uservo, Inc. all Uservo bottles in her possession on August 26, 1936;

"(c) That Uservo, Inc. deliver to appellee all Superior bottles in its possession on August 26, 1936;

"(d) That the appellee be perpetually enjoined from using Uservo bottles and from disposing of or delivering them to any person other than Uservo, Inc.;

"(e)   That the appellee deliver weekly to Uservo, Inc., such Uservo bottles as had come into her possession 'in the regular course of' her 'milk business';

"(f)   That Uservo, Inc., upon each of the weekly deliveries required of the appellee, deliver to the appellee such 'Superior' bottles as had come into its possession in the regular course of its business;

"(g)   That the party having the lesser number pay the other 'for each bottle delivered in excess of said lesser number the wholesale price per carload lot per bottle at the time of each exchange'; and

"(h)   That after January 18, 1937 Uservo Inc. in making exchanges may 'make up for excess bottles received by delivering standard bottles in good usable shape and plain or unmarked of, like size.' "

The decree entered on May 21, 1936, and the modifying orders made thereafter will be referred to herein as the "original decree." On June 18, 1938, the appellee commenced this action against the appellants wherein she alleges that the appellants violated the orders of the court, and that she had suffered damages by reason thereof.   On July 19, 1939, the appellee filed a second paragraph of complaint wherein she alleged a further violation of the decree of the court to her damage. These pleadings have been designated and considered by all the parties hereto as verified information for citation for civil contempt.   To these two paragraphs of complaint the appellant filed three paragraphs of answer which are very long and complicated, much of which was stricken out upon appellee's motion.   After all of the evidence was submitted and the cause taken under advisement, appellant tendered the filing of its 4th and 5th paragraph of answer, but the court refused to permit the filing of said answers, and on September 6, 1939, the court entered judgment in favor of the

570

appelee herein, and against the Uservo Co., and against Frank Palmer, and against Truman Hey, agents of the Uservo Co., and fixed the amount of appellee's damages at $1,100.48. On September 18, 1939, the appellants filed objections to the entering of said judgment asking that the amount thereof be reduced in 10 particular amounts. The judgment was reduced by the amount claimed in its first specification but was denied as to the others, and judgment was finally entered in favor of appellee for $1,046.43, together with cost, and, the court also decreed that the appellants, Frank Palmer and Truman Hey be committed to jail until said sum was paid to the clerk of the court for the use and benefit of the appellee. The appellants filed a motion for a new trial which was overruled by the court, and this appeal was perfected assigning as error 20 different and separate assignments. The 5th and 6th assignments of error relate to the court's denial of appellant's request and motion for special findings of facts and conclusions of law. The 10th, 11th, and 12th assignments of error relate to the court's refusal to permit appellants to file their tendered 4th and 5th paragraphs of answer. The 13th and 14th assignments relate to the court's action in overruling the motion for a new trial. Assignments of error No. 15 and 16 relate to the court's overruling of appellant's objection to the rendition of the purposed judgment. The other assignments we need not mention.

Most of the controversy in this case centers around alleged violation of paragraph G. and H. above set out. It appears that the appellee came into possession of a great number of Uservo bottles in excess of the number of Sunshine bottles that came into the possession of the Uservo Co., and, instead of the Uservo Co. paying cash for this excess, they availed

themselves of the provision of paragraph H. of said order, and in the weekly exchange of bottles the Uservo Co., turned over to the appellee all bottles in their possession bearing the distinguishing mark of appellee, and, to make up the excess, they delivered to her unmarked plain bottles which they contend were standard bottles in good shape. Appellee returned most of these plain unmarked bottles contending that they were not standard bottles. This contention was based upon two grounds; first, that the necks of these bottles were slightly larger than the bottles which she had been using in her business and which bore her distinguishing mark. This large neck bottle was designated as a "bull neck" bottle. By reason of the neck of the bottle being slightly larger, it would not show a cream line as far down as a slimmer neck bottle; second, that some of the plain and unmarked bottles were defective in that the cap seat on some of them were slightly larger than the bottles she had been using, and the No. 2 cap used in sealing the bottles would not fit closely when placed by the machine used by her. The record shows much evidence introduced by appellant in support of the contention that the plain and unmarked bottles so delivered by them were in strict compliance with the order of the court. On the other hand, appellee introduced much evidence in her attempt to prove that the plain and unmarked bottles so delivered by the appellants were not in accord with the order of the court. It is apparent, therefore, from the pleading and from the evidence introduced that the decree of January 18, 1937, was indefinite, uncertain and ambiguous. If the above order was not indefinite, uncertain, and ambiguous, there would have been no occasion for the court to hear evidence upon that subject. If the order is clear and reasonably certain, it would only be necessary

for the appellee to make proof of the kind of bottles delivered to her by appellant, and if it was admitted, as it was in this case, that such a type of bottle was delivered, it would have been a very simple matter for the court to determine whether its order had been violated or not. From the great amount of evidence appearing in the record upon this question on both sides and from the briefs in this case, it is evident that neither of the parties nor the trial court considered the question so simple. It seems to be well settled that an indefinite, uncertain or ambiguous decree of a court cannot be enforced in a contempt proceeding. In *National Labor Relations Board* v. *Bell Oil and Gas Co.* (1938), 98 Fed. (2d) 405, the court said:

> "Mandatory injunctions should be clear, direct, and unequivocal. They should not be hedged about by conditions and qualifications which cannot be performed or which may be confusing to one of ordinary intelligence. If placed in a dilemma by an ambiguous order, one who acts in good faith and with due respect to the court is not guilty of contempt."

In the case of *Mattos* v. *Superior Court* (1939), 30 C. A. (2d) 641, 86 P. (2d) 1056, the Dist. Court of App. of California said:

> "An accused person may not be held guilty of contempt for violating the terms of an injunction which is uncertain or ambiguous with respect to its provisions. To hold one guilty of contempt for violating an injunction, its terms must be clear and specific. *Kelly* v. *City of Cape Girardeau,* 230 Mo. App. 137, 89 S. W. (2d) 693; *McKelsey* v. *Lewis,* N. Y., 3 Abb. N. C. 61; *Tinkey* v. *Langdon* (N. Y.) 60 How. Prac. 180; 13 C. J. 15, sec. 17."

In *Kelly* v. *City of Cape Girardeau,* 230 Mo. App. 137, the court said:

> "It is an accepted legal proposition that for the decree of a court to suffice to be the basis of a

charge of contempt by reason of a party's disobedience to or noncompliance with it, it must be specific and definite so as to inform the party to be bound thereby what he is to do or what he is not to do. *Magel* v. *Gruetli Benevolent Society of St. Louis,* 203 Mo. App. 335, 218 S. W. 704."

The following language was used by the court in *State Board of Milk Control* v. *Newark Milk Co.* (1935), 118 N. J. Eq. 504, 179 Atl. 116:

"It is fundamental that the order imposing a restraint should be so clear, definite, and certain in its terms that the person to whom it is directed may readily know what he is restrained from doing. A mandatory injunction should be phrased in equally specific and positive terms; there should be no vagueness or uncertainty as to the things required to be done. Those commanded should not be remitted to the pleadings and proofs, and required to interpret them to determine the scope and extent of the injunction. Compare *Bayer* v. *Brotherhood of Painters, etc.,* 108 N. J. Eq. 257. See, also, 32 C. J. 369, 370. But this deficiency is curable by an appropriate modification."

So, in the case at bar, the decree which is mandatory in its terms, should be stated in clear and unambiguous language, to the end that the persons to whom it was directed might readily know what he was required to do, and to have no doubt in his mind as to what acts constitute a compliance with or a violation of the order. It will be noted in this case that the phrase, "standard Bottles," is not defined in the order. There seems to be no universal or well-defined meaning of what does or does not constitute a standard milk bottle. It was contended with much vigor in this case, that what might be a standard bottle in one city in Indiana might not be regarded a standard bottle in another. Much testimony was heard by the court concerning this subject. As pointed out in the

N. J. case, last above cited, the appellee is not without remedy. If the order, (assuming that the order is valid) is indefinite and ambiguous, a motion to modify and make more definite would be available to her.

It may be well to note that neither appellant nor appellee has presented, nor attempted to present, any question as to the power or authority of the court to enter such an order as was entered in this case. Although it was suggested in oral argument by one of the attorneys in the case, that the court not only issued an injunction, but it made a contract for the parties, and that this action was, in fact, an action to recover damages for breach of contract that was made by the court. But the record discloses that both parties had apparently acquiesced, and as stated above, has presented no question on this phase of the case, and we therefore express no opinion thereon.

Many other questions are presented by the briefs which we do not deem necessary to discuss in view of the conclusion reached above.

Judgment reversed.

NOTE: Reported in 28 N. E. (2d) 61.