MARTINAL *v.* LAKE O'THE WOODS CLUB, INC.

[No. 30,909. Filed April 19, 1967. Rehearing denied
May 16, 1967.]

*Owen W. Crumpacker* and *Harold Abrahamson,* of Hammond, *Bowen, Myers, Northam & Givan,* of Indianapolis, and *Crumpacker & Abrahamson,* of counsel, of Hammond, all for appellants.

*Philip M. Cagen* and *Cagen & Andersen,* both of Valparaiso, for appellee.

ARTERBURN, C. J.—This is an appeal from a judgment of the LaPorte Circuit Court holding Frank Martinal in contempt of court for the alleged violation of a purported order of injunction for trespassing upon the portions of a lake owned by the appellee. There seems to be no important dispute on the facts in this case. The purported judgment of injunction was rendered on July 16, 1962, and reads as follows:

> "This cause having heretofore been taken under advisement, for decision, the court now being fully advised in the premises, now finds for the plaintiff on paragraph No. 1 of plaintiff's complaint; and for defendant on Paragraph Two of Plaintiff's complaint. Judgment for plaintiff on paragraph one and for the defendant on paragraph two of plaintiff's complaint. Plaintiff granted a permanent injunction as prayed for in paragraph one of plaintiff's complaint. Costs vs defendant on paragraph one, and for the defendant on paragraph two. Clerk ordered to notify all attorneys of this entry."

The main contention made by the appellant is that the judgment of the trial court of July 16, 1962, granting the injunction, is too indefinite and uncertain to be effective and to constitute the basis for holding the appellant in contempt for violation thereof.

Acts 1881 (Spec. Sess.) ch. 38, § 185, p. 240, being Burns' Ind. Stat. Anno. § 3-2109 provides in substance that it is not necessary to issue a writ of injunction when one is granted "but the clerk shall issue a copy of the order of injunction duly certified by him; which shall be forthwith served by delivering same to the adverse party."

16 I. L. E., Injunctions, § 125 (1959) states:

> "The decree granting permanent injunctive relief should be as definite, clear, and precise in its terms as possible, and should be so clear and certain, and so worded, that the party enjoined may know from a reading of it what he is restrained from doing."

The judgment of injunction issued in this case does not meet the standards set forth above. It is too vague and uncertain. To grant an injunction "as prayed for in Paragraph One of plaintiff's complaint," is not sufficiently definite and certain to bind a party upon whom it is served.

In this case the appellant is held to be in contempt of court for a trespass upon property which is not defined or described in the judgment of injunction. In *Uservo, Inc.* v. *Selking* (1940), 217 Ind. 567, 572, 28 N. E. 2d 61, 63, this Court stated that:

". . . an indefinite, uncertain or ambiguous decree of a court cannot be enforced in a contempt proceeding."

Orders of a court must be clear and certain so that there can be no question as to what the person is restrained from doing, and no question exists when he violates such an order.

The uncertainty of the order made is emphasized by the fact that the appellee, plaintiff below, filed a petition to modify "and make more certain and definite the order of July 16, 1962." The record does not show the petition has ever been ruled on by the trial court and may still be pending.

For the reasons stated, we find that the order of July 16, 1962, was too vague and uncertain upon which to base a contempt citation and punishment for violation thereof.

The judgment of the trial court is reversed.

Jackson, J., concurs in result.

NOTE.—Reported in 225 N. E. 2d 183.