HOEPPNER, ANCILLARY ADMINISTRATOR OF ESTATE OF
SAWYER, DECEASED, *v*. SLAGLE ET AL.

[No. 20,651. Filed November 15, 1967. Rehearing denied December
7, 1967. Transfer denied February 9, 1968.]

*Philipp Brockington, Chester, Clifford, Hoeppner & Houran,* of Valparaiso, for appellant.

*Bruce W. Douglas,* and *Douglas, Douglas & Douglas,* of Valparaiso, for appellees.

CARSON, P. J.— This case involves an appeal from the Porter Circuit Court. The action below was filed by the plaintiff-appellant as ancillary administrator of the Estate of Carl W. Sawyer against the defendant-appellees, Raymond Slagle and Dorothy P. Slagle. The basis of the action was to determine the title to certain assets of the estate of the decedent. The contentions of the plaintiff-appellant were that the appellees had intermeddled with the estate by concealing certain stocks and bonds which were part of the estate and that they had said property in their possession or knowledge of its whereabouts and refused to deliver and surrender the property to the estate of the decedent.

The action was tried by the court below without jury and findings and judgment were entered in favor of the appellees, awarding them title to the stocks and bonds in question. A motion for a new trial was timely filed which was overruled and this appeal was initiated under the provisions of the statutes of the State of Indiana. The error assigned is the action of the court in overruling the motion for a new trial.

Since two entirely different types of property were involved, it will be necessary for us to discuss the law with reference to each type of property separately in this opinion. One part of the property involved three (3) shares Series E Savings Bonds issued by the United States Government and the other involved shares of corporate stock.

As to the bonds issued by the United States Government, the Department of Justice, through its attorneys, filed a brief as *amicus curiae* on behalf of the United States, permission to file such brief having first been granted by this court upon petition.

There are three specifications of error in the motion for a new trial but it is only necessary for us to consider one specification, namely: that the decision of the court is contrary to law. In this case, all matters necessary for our review are before us under this assignment.

The facts briefly stated show that all the stocks and bonds in question had been issued to Carl W. Sawyer, the decedent; that a certain piece of real estate belonging to Mr. Sawyer was sold at a tax sale in 1952; that the appellee, Dorothy P. Slagle, is the daughter of Earl Pierce who redeemed the tax sale and received a deed from Carl Sawyer to certain real estate in March, 1955; that the language in said deed reads as follows:

> "Lots 3 and 11, in Block 5 of Waverly Beach Subdivision in Porter County, Indiana, *together with the contents thereof.*
>
> "This conveyance is subject to all unpaid taxes and assessments, and tax deeds."
> (Our Emphasis)

That when appellee's father acquired the house certain work was done in cleaning and reconditioning the house, and at that time the stock certificates were discovered in the house as were the Series E Bonds; the undisputed testimony shows that they were found in dresser drawers and in books and some were found among magazines and newspapers; that the said Earl Pierce thought they were of no value but he kept them; the undisputed evidence shows that there was no correspondence ever had with Mr. Sawyer about these stocks and bonds; that upon the death of Mr. Pierce the appellee Dorothy P. Slagle, took possession of the stocks and bonds; that she did not have any correspondence with Carl Sawyer

or with the Federal Government; that the stocks and bonds were not inventoried as part of the estate of Mr. Pierce at the time of his death; that the appellee, Dorothy Slagle, continued to keep possession of said stocks and bonds from 1958 up to the time of this litigation and still has possession of the same.

The trial court found for Dorothy P. Slagle and against the petitioner; that the stocks were abandoned by Carl Sawyer in the year, 1949; that Dorothy Slagle was the owner and entitled to the possession of the following described property:

"1. 36 shares Reed Prentice Corporation, represented by Certificate No. 479

"2. 7 shares Safety Fund National Bank stock, represented by Certificates No. 923

"3. 6 shares Fitchburg-Leminister Street Railway Co., represented by Certificate No. 644

"4. 44 shares Beneficial Industrial Loan Corporation stock represented by Certificates No. NYCL 12685 and CL 143237

"5. 3 shares Series E Savings Bonds, represented by Bonds numbered Q-364-525-335E, Q-329-271-912E and Q-514-387-594E"

The court further found that Dorothy Slagle was entitled to any interest in stock dividends which might have accrued on said stocks since December 31, 1949; that the ancillary administrator should endorse and execute any and all certificates to said bonds; that he should redeem the Series E Bonds and deliver the proceeds to the appellee, Dorothy Slagle. Upon this finding, the court entered a consistent judgment and this appeal followed with a motion for a new trial containing, among other things, the specification hereinabove set out.

Based upon the authorities cited by the United States in its brief as *amicus curiae,* and the authorities cited by the appellant, we conclude that the decision of the court was contrary to law.

The interest in Series E Bonds is controlled by the statutes passed by Congress, the regulations issued by the Secretary of Treasury and the interpretation of those regulations by the Supreme Court of the United States. An examination of the case of *Free* v. *Bland* (1962), 369 U. S. 663, 668; *Yiatchos* v. *Yiatchos* (1964), 376 U. S. 306, indicate that any state law which is in conflict with treasury regulations, must yield to the treasury regulations controlling the issue, ownership and redemption of Series E Government Bonds. We conclude that the two savings bonds registered in the name of Carl W. Sawyer, became the property of his estate and the third bond, which was designated, "Carl W. Sawyer P. O. D. Miss Cora Sawyer," belonged to Miss Cora Sawyer if she survived Carl W. Sawyer, the decedent.

The judgment of the court therefore awarding these government bonds to the appellees is contrary to law and the same is reversed.

Before we can justify the court's ruling with the respect to the transfer of the corporate stock, we must first determine the question of abandonment. The oldest Indiana case being *Chicago and South Eastern Railway Company* v. *Wood, Administrator* (1903), 30 Ind. App. 650, dealt with a question involving real estate but the court did state, "Mere proof of nonuser is not sufficient to show an intention of abandonment." Following this case, we find the case of *Schaffner* v. *Benson* (1929), 90 Ind. App. 420, which involved the matter of personal property left on real estate, wherein the court stated the rule to be, "To constitute an abandonment of property, there must be a concurrence of the intention to abandon and an actual relinquishment." The next case is *Seymour Water Company* v. *Lebline* (1924), 195 Ind. 481, in which the question of abandonment of an easement in real estate is involved and the court again followed the general rule. The most recent case deals with a railroad right-of-way and is a 1966 opinion by this court appearing in 214 N. E. 2d

661, and there the court stated the rule, "Moreover proof of non-use does not show intention to abandon."

We have not found any Indiana cases dealing with the question of abandonment insofar as personal property is concerned nor do counsel for either side cite us to any cases from Indiana. We must therefore consult the general authorities and the rules in other jurisdictions.

An extensive annotation dealing with the subject, "title to unknown valuables secreted in articles sold" is contained in A. L. R. 2d vol. 4, beginning at page 318. From an examination of that annotation, we conclude that the seller and buyer must have by the terms of the agreement, in light of the surrounding circumstances, have intended to pass title to the articles in question. We do not think that this test is met in this case. There is no evidence which in our opinion justifies an inference that the seller of the real estate who is here represented by the ancillary administrator intended to convey the title to the stocks and bonds in question. In our opinion the language used in the deed can only be construed to mean objects of furnishings and household goods as are normally found in a home and frequently sold as part of the property. The question in the case before us does not involve a simple finding of lost property but an attempt to establish abandonment, concerning which the evidence must be clear and certain. We do not feel that the test has been met in this case.

This cause is therefore reversed and the court is instructed to enter judgment awarding title to the Series E Bonds and to the stock certificates to the administrator for proper disposition as part of the estate of Carl W. Sawyer.

Judgment reversed with instructions.

Cooper, Faulconer, and Prime, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 51.