In re the Marriage of Jill COWDEN,
Appellant–Respondent,

v.

Scott COWDEN, Appellee–Petitioner.

No. 53A05–9504–CV–139.

Court of Appeals of Indiana.

Feb. 28, 1996.

Susan H. Nelson, Andrews, Harrell, Mann, Chapman & Coyne, P.C., Bloomington, for Appellant.

Andrew C. Mallor, Kendra Gowdy Gjerdingen, Mallor Clendening Grodner & Bohrer, Bloomington, for Appellee.

## OPINION

KIRSCH, Judge.

Jill E. Cowden appeals the trial court's judgment dissolving her marriage to Mickey Scott Cowden (Mick). The parties present a single issue for appeal, which is:

Whether the trial court abused its discretion in dividing the marital property.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The parties married in 1987 and separated in 1992. For a number of years before the marriage, Mick developed a trucking business, building it to a value of nearly $1,015,000 at the time he married Jill. Mick's grandfather started the business, and Mick worked in it most of his adult life. Mick brought his trucking business into the marriage, along with some real estate, a house, a car, some life insurance, and a $3,000 Individual Retirement Account. In contrast, Jill had few assets before the marriage—a car, some furniture, and a small bank account.

Jill worked for the trucking business as a salaried employee, doing accounts payable and receivable between 1987 and 1991. During those years, Mick decided to buy several parcels of real estate to diversify the business holdings. Jill did not participate in these decisions, and Mick did not discuss his decisions with her. In 1987 and 1988, the couple's two children were born. Both parents participated in child-rearing responsibilities and in other household tasks.

Mick filed a dissolution petition in July, 1992. The trial court held three days of final hearings and received more than 450 pages of exhibits. Most of the exhibits addressed disputes over the extent and value of the marital property, particularly the trucking business. Mick argued that he should receive all of the business assets; Jill argued that all assets should be divided equally. The court concluded that the evidence rebutted the statutory presumption of an equal property division.[1] The court wrote:

"An equal division of marital property is not just and reasonable under IC 31-1-11.5-11. The evidence rebuts the statutory presumption. IC 31-1-11(c)(2) [sic] permits the court to consider the extent to which the property was acquired by each spouse prior to the marriage. Mick owned significant assets prior to the marriage valued at $1,014,829."

*Record* at 60.

The court awarded 84.3% of the marital property to Mick and 15.7% to Jill. Jill appeals the property division.

1. *See* IC 31-1-11.5-11.

## DISCUSSION AND DECISION

### I. STANDARD OF REVIEW

Our legislature has determined that *trial courts are in the best position to balance conflicting evidence at dissolution hearings.* As such, the legislature has assigned trial courts the responsibility of assessing the credibility of witnesses and of weighing evidence. *See* IC 31-1-11.5-8, -11. Accordingly, our standard of review is deferential; we cannot reweigh the evidence. *See Euler v. Euler,* 537 N.E.2d 554, 556 (Ind.Ct.App. 1989). We consider only the evidence favorable to the trial court's decision. *Fields v. Fields,* 625 N.E.2d 1266, 1267 (Ind.Ct.App. 1994), *trans. denied.* We must affirm the decision unless it is against the logic of the evidence. *Nill v. Nill,* 584 N.E.2d 602, 603–04, (Ind.Ct.App.1992), *trans. denied.*

### II. PROPERTY DIVISION

In 1987, the legislature transformed the law governing property divisions. Prior to 1987, the law required trial courts to make "just and reasonable" property divisions, giving equal weight to five statutory factors: (a) the contribution of each spouse to the property acquisition; (b) the extent to which the property was acquired prior to the marriage or by inheritance or gift; (c) the economic circumstances of each spouse; (d) the parties' conduct as to the dissipation of the property; and (e) the parties' respective earning abilities. *See* IC 31-1-11.5-11 (1986 Supp.). The statute contained no presumption of an equal property division.

Then, in 1987, the legislature imposed a *presumption that marital property be divided equally.* IC 31-1-11.5-11(c) (1987 Supp.); *see Kirkman v. Kirkman,* 555 N.E.2d 1293, 1294 (Ind.1990). By adding the presumption, the legislature altered the analytical method for trial courts in dissolution hearings. Formerly, a trial court considered all five statutory factors to arrive at a "just and reasonable" property division. Now, the trial court uses the factors in two ways: first, the court weighs the factors against the presumption

of an equal property division; second, if the evidence rebuts the presumption, the court uses the factors as a framework for the property division.[2] The controlling statute reads:

"The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in that residence for such periods as the court may deem just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

IC 31–1–11.5–11(c) (1987 Supp.).

In this case, the trial court found that Mick had acquired substantial business assets prior to the marriage. Citing factor (c)(2), the court concluded that Mick had rebutted the statutory presumption of an equal property division. The court then granted nearly all the business assets to Mick, including some real estate acquired during the marriage.

Jill concedes that Mick brought considerable assets into the marriage. She contends, however, the trial court gave improper weight to that fact. Had the trial court

properly considered each statutory factor, Jill argues, the property division would have been equal. She claims that the trial court failed to consider her contributions to the acquisition of property, her less favorable economic circumstances, and her lower earning potential. In support of her argument, she cites *Wright v. Wright*, 471 N.E.2d 1240 (Ind.Ct.App.1984), *trans. denied*, and *Chestnut v. Chestnut*, 499 N.E.2d 783 (Ind.Ct.App. 1986). These decisions state that the trial court must consider all statutory factors, "with none taking precedence over another." *Chestnut*, 499 N.E.2d at 786. The decisions do not discuss the rebuttable presumption of an equal property division, because this court issued the decisions prior to the 1987 change in the law.

■ To the extent that the *Wright* and *Chestnut* decisions apply after the change in the law, they indicate that no single factor is entitled to special weight in the ultimate property distribution. The decisions do not, however, prohibit a trial court from weighing the evidence adduced under each of the statutory factors against the evidence adduced under the other factors. Moreover, given the change in the law, trial courts must measure each factor and the evidence adduced therefrom against the weight of the statutory presumption. This balancing of the statutory factors and the evidence related to them is the essence of the trial court's work in crafting a just and reasonable property division. Where, as here, the combined evidence on four statutory factors weighs only slightly in favor of one spouse, but the evidence on the fifth factor weighs heavily in favor of the other, the trial court may find that an unequal division is proper. If an unequal division is proper, the court must then fashion a just and reasonable, albeit unequal, property division based on the evidence received relating to the statutory factors.

■ Here, the record demonstrates the trial court properly considered each statutory factor. The evidence concerning factor (c)(1), the contribution of each spouse to the acquisition of property, included testimony

2. Although the statute does not state that trial courts must use the factors in fashioning property divisions, the historical development of the statute indicates that the legislature intended the factors to be the foundation for property divisions.

that Jill worked for the trucking business between 1987 and 1991. *Record* at 949, 1758–59. In addition, there was testimony that Mick and Jill shared the non-income producing contributions such as housekeeping and child-rearing. *Record* at 813–14, 1700. The trial court's Finding No. 15 reflects this evidence, noting that Jill worked for the business and that the parties shared household responsibilities. *Record* at 56.

The bulk of the evidence offered at the hearing concerned factor (c)(2), specifically the pre-marriage value of the trucking business. The trial court received extensive evidence on Mick's business efforts and his development of the business, including diversification through the purchase of real estate. Based on this evidence, the trial court found that Mick's father and grandfather had started the business, that Mick developed it, and that the business was worth $1,014,829 when Mick married Jill. *Record* at 55–56 (Finding Nos. 8–11).

The trial court also considered evidence on factor (c)(3), the parties' economic circumstances. Jill testified that she is currently a student and receives rental income from one of the marital properties; Mick stated he draws his pay from the trucking business. *Record* at 765, 1798–1801. The trial court based Finding No. 7 on this testimony, determining that Jill has monthly net rental income of $300 and that Mick has monthly gross income from the business of about $2,600 ($600 per week).[3] *Record* at 54. The court also made findings about the value of the trucking business. *Record* at 55–56, 58 (Finding Nos. 10, 17, 24).

The record contains little or no evidence concerning factor (c)(4), the parties' conduct as to the disposition or dissipation of property. It does, however, contain testimony as to the final factor, the parties' earning ability. Jill testified she has completed some college course work and is pursuing a degree in elementary education; Mick testified he continues to pursue his business interests but that the business has lost money in recent

years. *Record* at 765–66, 1756, 1798. The trial court accepted this testimony in Finding Nos. 7 and 24. *Record* at 54, 58.

Read as a whole, the trial court's Findings and Conclusions demonstrate the court weighed all the relevant factors against the statutory presumption. Although certain factors supported an equal division, the court determined that the evidence on factor (c)(2) outweighed the other factors. Having concluded that Mick rebutted the presumption of an equal division, the trial court determined it would be just and reasonable to award most of the business assets to Mick.

■ That the trial court cited only factor (c)(2) in its conclusion is not reversible error. The court's findings on the other relevant factors indicate that the court considered the evidence on those factors *in dividing the property.* The trial court is not required to issue a conclusion of law on each factor; the court is required only to state its reason for an unequal division. *Shumaker v. Shumaker,* 559 N.E.2d 315, 318 (Ind.Ct.App.1990); *see also Keller v. Keller,* 639 N.E.2d 372 (Ind.Ct.App.1994) (upholding an unequal property division based on wife's inheritance), *trans. denied.* Here, the trial court adequately recorded a valid reason for concluding that Mick had rebutted the presumption of an equal property division. Having made the necessary conclusion, the court did not err in assigning most of the business assets to Mick.

### III. MARITAL PROPERTY

■ The controlling statute mandates that all property, whether acquired before or during the marriage, be included in the marital estate for property division. IC 31–1–11.5–11(b). Jill argues that by granting Mick the assets he held prior to the marriage, the trial court in effect excluded those assets from the marital pot.

The Dissolution Decree negates Jill's argument. The trial court listed all of the business assets in its compilation of the marital

---

3. For child support purposes, the trial court imputed Jill's income at $240 per week (minimum wage of $170 plus $70 per week in rental income). The court imputed Mick's income for child support to be $1,154 per week (income plus benefits). *Record* at 54 (Finding No. 7). According to the record, child custody has not yet been determined.

estate. *Record* at 57 (Finding No. 21). As such, the court properly included the assets in the marital pot.

We hold that the trial court properly considered all assets in the marital estate and that the court properly found the evidence rebutted the presumption of an equal property division.

Affirmed.

FRIEDLANDER and GARRARD, JJ., concur.