James M. HURST, Appellant–Respondent,

v.

Barbara Sue HURST, Appellee–Petitioner.

No. 25A05–9604–CV–129.

Court of Appeals of Indiana.

Feb. 25, 1997.

Jay T. Hirschauer, Hirschauer & Hirschauer, Logansport, for Appellant.

Kelly Leeman, Leeman & Perrone, Logansport, for Appellee.

## OPINION

BARTEAU, Judge.

James M. Hurst (Husband) appeals the distribution of property in the dissolution of his marriage to Barbara Sue Hurst (Wife). Husband raises five issues, which we consolidate and restate as:

1. Whether the trial court erred when it excluded certain real estate from the marital assets?

2. Whether the trial court erred in assigning value to property and by failing to consider all of the assets testified to at the final hearing?

3. Whether the trial court erred by awarding certain real estate to Wife?

### STANDARD OF REVIEW

The distribution of marital assets is traditionally a matter within the sound discretion of the trial court. *In re Marriage of Davidson*, 540 N.E.2d 641, 643 (Ind.Ct.App. 1989). The party challenging the trial court's property division must overcome a strong presumption that the court considered and complied with the applicable statute. *DeHaan v. DeHaan*, 572 N.E.2d 1315, 1325 (Ind.Ct.App.1991), *trans. denied* (1992). We presume the trial court followed the law and made all proper considerations in making its decision. *R.E.G. v. L.M.G.*, 571 N.E.2d 298, 300 (Ind.Ct.App.1991).

When reviewing a claim that the trial court improperly divided marital property, we must decide whether the trial court's decision constitutes an abuse of discretion,

considering only the evidence most favorable to the trial court's disposition of the property. *Id.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Myers v. Myers*, 560 N.E.2d 39, 42 (Ind.1990). An abuse of discretion also occurs when the trial court has misinterpreted the law or disregards evidence of factors listed in the controlling statute. *Id.* Section 31-1-11.5-11 of the Indiana Code governs the disposition of marital assets in a dissolution proceeding. The court shall presume that an equal division of the property between the parties is just and reasonable, absent rebuttal. I.C. § 31-1-11.5-11(c).

### EXCLUSION OF REAL ESTATE FROM MARITAL ASSETS

The parties married on October 1, 1976, and the petition for dissolution of marriage was filed on May 9, 1994. At the time of the filing for dissolution of marriage, the parties owned three parcels of real estate: (1) the Kewanna property; (2) the Cole Street property; and (3) the Macy property. The Kewanna property was the marital residence, had a net value of approximately $40,000, and both Husband and Wife asked to be awarded the property. The Cole Street property was owned by Wife prior to the marriage and had an appraised value of $22,500. The Macy property was inherited by Husband shortly after the marriage and had an appraised value of $26,500. Neither Wife nor Husband asked for an unequal division of the marital assets based on prior ownership or inheritance of these properties. Rather, each asked that the Cole Street property be awarded to Wife and the Macy property awarded to Husband.

In the dissolution decree, the trial court did not include the Cole Street property in the marital estate. Instead, it excluded the property by saying "The property at 214 Coles [sic] Street, Logansport has been held exclusively by the Petitioner and is not subject to division." R. 7. The trial court then divided the remainder of the property equally and as part of that division awarded Hus-

band the Macy property and Wife the Kewanna property.

Following issuance of the decree of dissolution, Wife filed a "Petition to Clarify Decree." R. 183. Wife asked the trial court to clarify the decree as follows:

as to paragraph 5(c) wherein the Court referred to property at 214 Coles [sic] Street as being held exclusively by the Petitioner and not subject to division. Petitioner would ask the Court for clarification of this matter pursuant to the Dissolution Act that provides that all property owned by the parties is subject to division but that property may be set aside in the property division to one or the other based upon ownership of the property prior to marriage. Because the Respondent is filing an appeal of the action the Petitioner is asking the Court for clarification of this provision.

■ The trial court, citing Indiana Trial Rule 60(A), granted Wife's petition and "clarified" the dissolution decree as follows:

1. At 5c. of the findings the Court erroneously stated that "[t]he property at 214 Coles [sic] Street, Logansport had been held exclusively by the Petitioner and is not subject to division."

The Decree is hereby modified to read:

5c. Real property at 214 Coles [sic] Street, Logansport, with an appraised value of $22,500. This property was owned by the Petitioner prior to the marriage, and title to the property continues to be in the Petitioner. While this property is subject to division in this cause, the Court finds that the property should be set aside due to the continuous ownership by the Petitioner prior to and during the marriage.

R. 186. Husband contends that the trial court's "clarification" of the decree was error. We agree.

First, Indiana Trial Rule 60(A) permits a trial court to grant relief for "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission...." The trial court's "clarification" does not fit the definition of a "clerical mistake" or "error arising from oversight or omission." T.R. 60(A). It is instead a modification of the decree.

■ Second, even as "clarified", the trial court's disposition of the Cole Street property requires reversal. All property owned by the parties, whether acquired prior to the marriage or through inheritance, is marital property. Ind.Code § 31–1–11.5–11(b); *Cowden v. Cowden,* 661 N.E.2d 894 (Ind.Ct. App.1996). A trial court has no authority to exclude or "set aside" marital property. *Id.* Rather, the trial court is required to divide all marital property between the parties. The trial court's "clarification" does not indicate that the trial court included the Cole Street property in the marital estate. Instead, it indicates that the trial court perceived the problem with its previous order to be the statement that the property was not subject to division. In "clarifying" its order, the court merely added a phrase recognizing that the property was subject to division, but then set aside the property to Wife based on her continuous ownership. The effect of this is to make an unequal division of marital property. However, the trial court had concluded that an equal division of the marital estate was proper. If the trial court determined that Wife was entitled to a greater share of the marital estate because of her prior ownership of the Cole Street property, the trial court was required to declare that it had determined this to be so and to enter findings in support thereof. The trial court did neither.

Third, a review of the evidence does not support a determination that Wife is entitled to a greater share of the marital estate due to her ownership of the Cole Street property. While Wife owned the property prior to marriage, there was no evidence presented that Wife kept the property separate during the marriage. To the contrary, the evidence demonstrated that Husband made significant contributions to improving the value of the property.

The trial court erred in "setting aside" the Cole Street property to Wife and we remand to the trial court for an equal division of the marital estate.

### VALUE & DISTRIBUTION OF PERSONAL PROPERTY

■ Husband contends that the trial court failed to properly value a Chevy van and a pickup truck. The trial court assigned a total value of $7500 for both vehicles. Husband testified that the van was worth $4500 and had an outstanding debt of $4500 and that the truck was worth $2500 to $3000 and had an outstanding debt of $900. Thus he contends that the trial court failed to take into consideration the debt owed on the van when it assigned the values.

However, Husband's estimate of the value of the vehicles was not uncontradicted. Wife testified that the van was worth $8700 and the pick-up truck worth $9550, making the value assigned the vehicles by the trial court within the range of evidence. We find no error.

■ Husband also contends that the trial court erred by not making any provision for a Chevrolet Corsica or an 1986 Oldsmobile Cutlass. A review of the record reveals that the Corsica was purchased after the date of separation and therefore the trial court was not obligated to include the vehicle as marital property.[1] *Ross v. Ross,* 638 N.E.2d 1301, 1303 (Ind.Ct.App.1994). As for the Cutlass, it did not run, had a value of $500 or less and both parties testified the other could have the car. Husband cannot predicate error on the part of the trial court for failure to award to one party or the other the white elephant nobody wanted.

■ Husband also takes issue with the trial court's failure to divide or allocate every piece of personal property alluded to at the final hearing. However, if Husband wished the trial court to painstakingly identify and distribute every item of personal property owned by the parties, he should have provided the trial court with a complete list and appraisal of the personal property. Because Husband did not do so, he may not now complain.

1. The record also reveals that the debt on the car exceeded its value.

2. Husband states in his issues that he is challenging the trial court's failure to give Husband the

### KEWANNA PROPERTY

■ Husband contends the trial court erred in awarding Wife the Kewanna property because Husband wanted and needed the property to pursue his lifelong interest in raising cattle and Wife had no corresponding need for the property. Husband is merely asking this court to reweigh the evidence. The trial court balanced the competing interests of the parties and awarded the Kewanna property to Wife. We will not interfere with that decision on appeal. *Cowden,* 661 N.E.2d at 895.[2]

Reversed and remanded with instructions to include the Cole Street property in the marital assets and to equally divide the property of the marriage.

SHARPNACK, C.J., and ROBERTSON, J., concur.

opportunity to purchase the Kewanna property from Wife. However, Husband does not address this issue in the argument section of his brief and it is therefore waived.