## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 13 2017, 9:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cody B. Coombs
Pritzke & Davis, LLP
Greenfield, Indiana

ATTORNEY FOR APPELLEE

Matthew E. Dumas
Hostetter & Associates
Brownsburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Clarenda Love,

*Appellant,*

v.

Bruce Love,

*Appellee.*

June 13, 2017

Court of Appeals Case No.
32A01-1612-DR-2918

Appeal from the Hendricks Superior Court

The Honorable Stephanie LeMay-Luken, Judge

Trial Court Cause No.
32D05-1507-DR-497

**Bradford, Judge.**

# Case Summary

[1] The marriage of Appellant Clarenda Love ("Wife") and Appellee Bruce Love ("Husband") was dissolved in 2012, and the trial court ordered an unequal division of the marital estate in favor of Husband. Wife appealed, and we reversed and remanded for redistribution of the marital estate. On remand, the trial court again ordered an unequal division of the marital estate and also ordered that Husband make an equalization payment of approximately $22,000.00. Wife again appealed, and we affirmed this second order.

[2] In June of 2015, Wife moved for a rule to show cause why Husband should not be held in contempt, claiming that Husband had failed to make the equalization payment and turn over the proceeds of an insurance settlement check and had retained certain personal property to which she was entitled. Husband also moved for a rule to show cause why Wife should not be held in contempt, claiming that Wife had improperly retained his half of certain money market accounts. After a hearing, the trial court denied both parties' motions for a rule to show cause and declined to find either in contempt of court.

[3] Wife contends that the trial court abused its discretion in concluding that Husband was not in contempt on the grounds she had already received the insurance proceeds to which she was entitled, she had abandoned the personal property in question, and Husband was not obligated to make any further payment to Wife. Because we agree with Wife that the trial court erred in

concluding that Husband has no further financial obligation to Wife, we affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

[4] Husband petitioned for dissolution of his marriage with Wife on June 23, 2010. A final hearing on Husband's dissolution petition was held on June 19, 2012, and the trial court issued its decree ("the First Order") distributing marital property on June 27, 2012. Due to the difference in earning potential and Wife's pharmacy degree and professional license, the trial court deviated from the presumptive equal division of the marital estate. The First Order also provided that "[t]he Check or the full value thereof regarding the pending insurance claim ["the Check"] shall be the sole property of [Wife]" Appellant's App. Vol. II p. 23. Wife appealed from the First Order. On June 26, 2013, in an unpublished memorandum decision, we reversed the trial court's division and remanded with "instructions that the trial court determine the distribution of the marital estate in accordance with the presumption of an equal division of marital property." *Love v. Love*, 2013 WL 3280015, slip op. at *4 (Ind. Ct. App. 2013).

[5] On November 1, 2013, the trial court entered a new order ("the Second Order"), in which it awarded Husband 59.7% of the marital estate and Wife 40.3% of the marital estate and again cited Wife's student-loan debt as a primary fact in its determination. Additionally, the trial court ordered Husband to pay Wife an equalization payment in the amount of $21,886.16. On April

30, 2014, we affirmed the Second Order. *See Love v. Love*, 10 N.E.3d 1005, 1015 (Ind. Ct. App. 2014). Transfer to the Indiana Supreme Court was not sought.

[6] On June 5, 2015, Wife moved for a rule to show cause, in which motion she alleged that Husband was in contempt of court for failing to (1) make the equalization payment as directed in the Second Order, (2) turn over $2730.55 from the Check, and (3) turn over certain items of Wife's personal property as detailed in the First Order. On July 15, 2015, Husband filed his motion for a rule to show cause, alleging that Wife was in contempt of court for failing to distribute to him $12,617.94 from certain money market accounts.

[7] On November 29, 2016, the trial court held a hearing on the parties' competing motions. Wife testified that she had not received any of the equalization payment, never endorsed the Check nor received the whole of the proceeds, and never received seven items of personal property with a value of $1090.00. Wife also testified that she had been aware that the personal property was at Husband's new residence for at least two years but did not testify that she had taken any measures to recover it.

[8] Husband acknowledged that he had not made the equalization payment of $21,886.16. Husband also testified that he and Wife personally endorsed the Check before he deposited it, Wife received half of the proceeds at that point, and she later received the second half when Chase removed it from Husband's account approximately three weeks later on August 20, 2013.

On December 2, 2016, the trial court issued the Third Order, denying both motions for rule to show cause and declining to find either party in contempt of court:

COURT ORDER

On November 29, 2016 this matter came before the Court for a hearing on [Wife]'s Verified Motion for Rule to Show Cause filed June 8, 2015 and on [Husband]'s Verified Motion for Rule to Show Cause filed July 15, 2015. [Husband] appeared in person and with counsel, Charles E. Hostetter. [Wife] appeared in person and with counsel, Jerald L. Miller. Sworn testimony heard and exhibits seen. Court finds and Orders as follows:

1. The Court issued [the First Order] on June 27, 2012. Following an opinion issued by the Indiana Court of Appeals, the Court issued [the Second Order] on November 18, 2013.

2. [Wife] filed her Verified Motion for Rule to Show Cause on June 8, 2015 claiming [Husband] has failed to pay her an equalization payment of $21,886.16, half of an Allstate insurance settlement of $2,730.55, and failed to return certain personal property items. [Wife] gave zero detail in her motion delineating which personal items she was referring to.

3. [Husband] filed his Verified Motion for Rule to Show Cause on July 15, 2015 claiming that [Wife] is in contempt for failing to pay one half of four bank/money market accounts to [Husband] as ordered totaling the sum of $12,617.94.

4. The Court has reviewed all the exhibits admitted into evidence at the hearing of this matter and finds that [Wife]'s signature appears on the last page of Exhibit 6 and is identical to the signature on the back of the [Check] which is Exhibit C. The Court finds that [Wife] did in fact receive her half of the [Check]. [Wife] then took steps to claim her signature was

forged and Allstate removed another half from [Husband]'s bank account and sent it to [Wife]. [Wife] therefore received the full [Check].

5. The parties resided together for several months following the filing of the Petition for Dissolution. The value of assets and debts for distribution are established on the date of the filing of the Petition for Dissolution. Therefore, the ultimate division when parties continue to spend and acquire assets and debts are altered in any way is somewhat of a falsity. By the time the parties were finally divorced the value of joint bank accounts had been modified. [Husband] had established his own bank accounts, household items had been divided, and [Husband] had established a separate household.

6. Neither party provided evidence other than testimony that they did not receive the monetary sums due to them by order of the Court in [the First and Second Orders]. The Court has concerns about the credibility of all such testimony by the parties. The Court does find that [Husband] did not issue $21,886.16 following the Court's [Second Order]. The Court has no ability to determine who received the bank/money market accounts alleged in [Husband]'s Motion for Rule to Show Cause. No bank records were admitted into evidence by either party.

7. The Court finds that [Wife] had over a year to obtain the personal property she claims to have not received. If [Wife] did not obtain the property, it is now considered abandoned.

8. The Court finds based on the lack of evidence provided by either party it cannot determine the sum owed by [Husband] to [Wife]. Further it would be unfair to have [Wife] pay [Husband] for his half of the [Check] without the Court having the ability to determine the sum [Husband] owes to [Wife].

9. Therefore, the Court denies both motions for rule to show cause and finds neither party in contempt.

10. Parties are responsible for their own attorney fees.

Appellant's App. Vol. II pp. 43-45.

# Discussion and Decision

[10] Wife is appealing from the trial court's denial of her motion for a rule to show cause why Husband should not be held in contempt of court.

> Before a person can be punished for contempt of a court's order, the trial court must have issued an order commanding the party to do or refrain from doing something. *Meade v. Levett*, 671 N.E.2d 1172, 1181 (Ind. Ct. App. 1996). When a person fails to abide by a court's order, that person bears the burden of showing that the violation was not willful. *Id.* Orders of a court must be clear and certain so that there can be no question as to what the person must do or not do, and no question regarding when the order is violated. *Martial v. Lake O' the Woods Club Inc.*, 248 Ind. 252, 254, 225 N.E.2d 183, 185 (1967).

> Indirect contempt is the willful disobedience of any lawfully entered court order of which the offender had notice. *Hanson v. Spolnik*, 685 N.E.2d 71, 82 (Ind. Ct. App. 1997). Whether a person is in contempt of a court order is a matter left to the trial court's discretion. *Id.* Upon review, we will reverse the trial court's determination only where an abuse of discretion has been shown. *Id.* An abuse of discretion occurs only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

> Uncontradicted evidence that a party is aware of a court order and willfully disobeys it is sufficient to support a finding of contempt. *Crowl v. Berryhill*, 678 N.E.2d 828, 830 (Ind. Ct. App. 1997). We have recognized the inherent judicial power to deal with contempt. *Id.* at 831. No statutory sanction is needed as a court's power to enforce compliance with its orders and decrees duly entered is inherent. *Id.*

*Meyer v. Wolvos*, 707 N.E.2d 1029, 1031 (Ind. Ct. App. 1999), *trans. denied*.

[11] In issuing the Third Order, the trial court entered findings of fact and conclusions thereon *sua sponte*. *Sua sponte* findings only control issues that they cover, while a general judgment standard applies to issues upon which there are no findings. *Eisenhut v. Eisenhut*, 994 N.E.2d 274, 276 (Ind. Ct. App. 2013) (citations omitted).

> We may affirm a general judgment with findings on any legal theory supported by the evidence. As for any findings that have been made, they will be set aside only if they are clearly erroneous. A finding is clearly erroneous if there are no facts in the record to support it, either directly or by inference.

*Id*.

[12] In this appeal, the third to arise from the parties' dissolution so far, the precise issue before the court is whether the trial court erred in declining to find Husband in contempt. Underlying this, the parties are essentially still in conflict about the division and distribution of marital assets:

> Our legislature has determined that trial courts are in the best position to balance conflicting evidence at dissolution hearings. As such, the legislature has assigned trial courts the responsibility of assessing the credibility of witnesses and of weighing evidence. *See* IC 31-1-11.5-8, -11.[1] Accordingly, our standard of review is

---

[1] Both statutes have been repealed. The closest analogs in the current Indiana Code may be found at Indiana Code sections 31-15-2-15 ("At the final hearing on a petition for dissolution of marriage the court shall consider evidence, including agreements and verified pleadings filed with the court.") and 31-15-7-5 ("The court shall presume that an equal division of the marital property between the parties is just and

deferential; we cannot reweigh the evidence. *See Euler v. Euler*, 537 N.E.2d 554, 556 (Ind. Ct. App. 1989). We consider only the evidence favorable to the trial court's decision. *Fields v. Fields*, 625 N.E.2d 1266, 1267 (Ind. Ct. App. 1994), *trans. denied*. We must affirm the decision unless it is against the logic of the evidence. *Nill v. Nill*, 584 N.E.2d 602, 603-04, (Ind. Ct. App. 1992), *trans. denied*.

*Cowden v. Cowden*, 661 N.E.2d 894, 895 (Ind. Ct. App. 1996). Wife contends that the trial court abused its discretion in concluding that Husband was not in contempt on the grounds that she had already received the insurance proceeds to which she was entitled, she had abandoned the personal property in question, and Husband was not obligated to make any further payment to Wife.

# I. The Check

[13] Wife contends that the trial court abused its discretion in concluding that Husband was not in contempt because she not had received the entire proceeds of the Check. Husband, however, testified (and the trial court specifically found) that Wife had received half of the Check when Husband deposited it in 2013 and that she had received the other half a few weeks later when Chase Bank determined that her endorsement had been forged and debited Husband's account. Because the trial court's findings on this issue were supported by Husband's testimony, they are not clearly erroneous. Because the trial court did not err in finding that Husband had not violated any court order regarding

reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable[.]").

the Check, there can have been no valid contempt finding. Wife's argument is an invitation to reweigh the evidence, which we will not do. *See id.*

## II. Abandonment of Personal Property

Wife also challenges the trial court's conclusion that Husband was not in contempt for failing to deliver certain items of personal property valued at $1090.00, namely, a power washer, an air compressor, a circular saw, a "Milwakee [sic] sawzall[,]" a freezer/refrigerator, a stepladder, and some furniture. Wife's Ex. A. In Indiana, the general rule regarding the abandonment of property is that "[t]o constitute an abandonment of property, there must be a concurrence of the intention to abandon and an actual relinquishment." *Hoeppner v. Slagle*, 141 Ind. App. 622, 626, 231 N.E.2d 51, 53 (1967) (citation omitted), *trans. denied*. As mentioned, the trial court concluded that Wife had abandoned the personal property in question because she had had over a year in which to retrieve it but did not.

Under the circumstances of this case, Wife has not established that the trial court's conclusion regarding abandonment is clearly erroneous. In speaking of a delay of over a year, the trial court is apparently referring to Wife's testimony at the hearing on November 29, 2016, that, although she had seen the personal property in Husband's new residence, she had "not been there for … a couple of years at least, I think." Tr. p. 48. Despite being aware that the property was in Husband's residence, Wife did not testify that she had taken any measures to retrieve it, much less that she had been thwarted in her efforts.

Wife testified that she did not attempt to retrieve at least some of the items because she lacked the capability to transport them. Even if we assume that this is true, it does not mean that Wife did not abandon the property; an abandonment of personal property because one does not feel it worth the trouble or expense of retrieval is still an abandonment. The lack of evidence of any attempt by Wife to retrieve the personal property over the course of several years is sufficient to support findings of intent to abandon and actual relinquishment. As with the previous claim, because the trial court's finding that Husband did not violate any court order, there can be no valid contempt finding. Wife has failed to establish error in this regard.

## III. Equalization Payment

Finally, Wife contends that the trial court abused its discretion in not finding Husband in contempt of court for failing to make the equalization payment of $21,886.16 pursuant to the Second Order. While we cannot reach the question of contempt on this record, we agree that there are insufficient facts to support the trial court's conclusion that Husband was no longer obligated to make the equalization payment.

Husband acknowledged that he had not made the equalization payment, and the trial court specifically found that he had not.[2] The question, then, was how

---

[2] To the extent that Husband now maintains that he is not obligated to make the equalization payment because Wife concealed assets around the time of the dissolution, that ship has sailed. Because we affirmed the trial court's Second Order (and transfer to the Indiana Supreme Court was not sought), Husband's obligation to make the equalization payment is now the law of the case. "The law of the case doctrine

much (if any) that payment would be offset by Wife's alleged failure to satisfy her obligation to provide Husband with half of certain money market accounts. On that point, however, the trial specifically found that neither party was credible or had produced any relevant bank records and that, as a result, it "ha[d] no ability to determine who received the bank/money market accounts alleged in [Husband]'s Motion for Rule to Show Cause." Appellant's App. Vol. II p. 45. Because the trial court, as the sole judge of credibility, was entitled to believe neither party, we will not disturb its conclusion on this point. *See Cowden*, 661 N.E.2d at 895 ("[O]ur standard of review is deferential; we cannot reweigh the evidence."). The trial court's inability to determine the amount of offset, however, only means that the amount of Husband's underlying obligation is not affected. Consequently, the trial court's determination that Husband is relieved of his obligation to make the equalization payment is clearly erroneous.

[19] Because the trial court essentially concluded that Husband had not violated the order to make the equalization payment, it did not reach the merits of Wife's claim that Husband was in contempt for failing to do so. By Husband's own admission, he has violated the trial court's order to make the equalization

---

provides that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts." *Murphy v. Curtis*, 930 N.E.2d 1228, 1234 (Ind. Ct. App. 2010), *trans. denied*.

payment. We remand for a determination of whether Husband's disobedience of the Second Order constitutes contempt of court.[3]

# Conclusion

[20] We affirm the trial court's conclusions that Husband is not in contempt for failure to turn over the proceeds from the Check and certain personal property. However, we vacate that portion of the Third Order concluding that Husband is no longer obligated to make the equalization payment pursuant to the Second Order. Finally, we remand with instructions to determine if Husband's violation of the trial court's order to make the equalization payment constitutes contempt of court.

[21] We affirm in part, reverse in part, and remand with instructions.

---

[3] Husband argues that Wife failed to comply with the requirements of Indiana Code section 34-47-3-5 ("Rule to show cause"), which provides, in part, as follows:

> (a) In all cases of indirect contempts, the person charged with indirect contempt is entitled:
>     (1) before answering the charge; or
>     (2) being punished for the contempt;
>     to be served with a rule of the court against which the contempt was alleged to have been committed.
> (b) The rule to show cause must:
>     (1) clearly and distinctly set forth the facts that are alleged to constitute the contempt;
>     (2) specify the time and place of the facts with reasonable certainty, as to inform the defendant of the nature and circumstances of the charge against the defendant; and
>     (3) specify a time and place at which the defendant is required to show cause, in the court, why the defendant should not be attached and punished for such contempt.

Husband, however, did not raise this issue in the trial court, and has therefore waived it for appellate consideration. "A party who raises an issue on appeal that was not raised in the trial court waives that issue." *Frances Slocum Bank & Trust Co. v. Estate of Martin*, 666 N.E.2d 411, 413 (Ind. Ct. App. 1996), *trans. denied*.

Najam, J., and Riley, J., concur.